UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**In re Vaso Active Pharmaceuticals Securities Litigation**

C.A. No. 04-10708-RCL

**MEMORANDUM OF LAW IN SUPPORT OF EDUARD SLININ'S MOTION (1) TO BE APPOINTED LEAD PLAINTIFF; AND (2) TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## I. INTRODUCTION

Pursuant to Section 21D of the Securities Exchange Act of 1934 (The "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B) and for the reasons set forth below, Eduard Slinin ("Movant"), respectfully submits this memorandum in support of his motion for an Order appointing him as Lead Plaintiff on behalf of himself and all others, excluding defendants, who purchased or otherwise acquired the securities of Vaso Active Pharmaceuticals, Inc. ("Vaso Active" or the "Company") during the period from December 11, 2003 through March 31, 2004 (the "Class Period"), and who incurred damages as a result of Defendants' violations of the federal securities laws. Movant also seeks approval of his selection of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") to serve as Lead Counsel and the law firm of Shapiro Haber & Urmy LLP ("Shapiro Haber") to serve as Liaison Counsel.

Twelve class action complaints have been filed against Vaso Active in this District for violations of Sections 10(b) and 20(a) of the Exchange Act.[1] These cases (the "consolidated

---

[1] The cases were consolidated pursuant to the Court's Order dated May 11, 2004. The consolidated cases are captioned *In re Vaso Active Pharmaceuticals Securities Litigation* and bear the docket number 04-10708-RCL.

actions") are predicated on a series of material misrepresentations and omissions made by Defendants during the Class Period regarding, *inter alia*, Vaso Actives's business and financial prospects and the clinical trial of one of the Company's antifungal products.

Movant suffered damages of over $31,331 as a result of Defendants' misleading conduct. To Movant's knowledge, his loss exceeds that of any other plaintiff in the consolidated actions in this district. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he "has the largest financial interest in the relief sought by [the] class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute the securities fraud claims in this case.

## II. FACTUAL BACKGROUND

The lawsuits allege that Defendants issued a series of materially false and misleading statements to regarding Vaso Active's business condition that acted to artificially inflate the price of the Company's stock. Specifically, the lawsuit charges that Defendants misrepresented and/or failed to disclose adverse information about Vaso Active and its financial performance by concealing, *inter alia*, Vaso Active's claims of the effectiveness of its Termin8 antifungal product were unsubstantiated; the "clinical trial" concerning the efficacy of Termin8 was not supervised by independent physicians nor analyzed by the New England Medical Center as represented by Vaso Active; the New England Medical Center was unable to draw any conclusions about Termin8's effectiveness; and as a result of the foregoing, Defendants' statements concerning the efficacy of Vaso's products, as well as the Company's current and future financial products, lacked a reasonable basis at all relevant times. The complaints further allege that Defendants carried out a plan, scheme and course of conduct which was intended to

and, throughout the Class Period, did: (i) deceive the investing public concerning Vaso Active's business, operations, and management; (ii) permit the Company to complete a stock offering and a private placement, which yielded approximately $15.5 million in proceeds; and (iii) cause Movant and Class members to purchase Vaso Active securities at artificially inflated prices.

On March 10, 2004, TheStreet.com published an article which questioned the "clinical trial" that was purportedly conducted at the New England Medical Center in Boston, in which, according to Vaso Active, "100% of the study subject given Termin8 were cured within 10 day." The article also noted that the SEC was scrutinizing other claims made by Vaso Active, including an endorsement from the American Association of Medical Foot Specialists.

The Class Period ends on March 31, 2004, when the SEC halted trading of the Company's stock. The SEC questioned the accuracy of assertions many in Vaso Actives's press releases, annual report, registration statement and public comments to investors. Vaso Active stock closed at $7.59 per share on March 31, 2004. On April 16, 2004, the SEC allowed Vaso Active to resume trading. The stock resumed trading on the OTC Bulletin Board exchange at $1.99 -- a 73.8% drop in share price.

### III.   PROCEDURAL BACKGROUND

Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for plaintiffs in these actions published notices to class members on nationally circulated wire services.[2] The notice informed investors who purchased or otherwise acquired Vaso Active securities during the Class Period of the pendency of the lawsuit and the nature of allegations relating to Defendants' fraudulent statements that artificially inflated the market price of Vaso Active securities. The Exchange Act

---

[2] The notice issued on April 8, 2004, which commenced the sixty-day period for filing of motions for appointment of lead plaintiff, is attached as Ex. A to the Declaration of Theodore M. Hess-Mahan ("Hess-Mahan Decl.") submitted herewith.

requires early notice in order to advise class members of their right to seek appointment as lead plaintiff within sixty days of the publication of the notice. *Id.* Movant has filed this motion within the sixty-day period.

### IV. ARGUMENT

A. <u>Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff.</u>

    1. Movant Is Presumptively the Most Adequate Plaintiff.

The PSLRA sets forth procedures for the appointment of lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. ' 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that <u>the court determines to be most capable of adequately representing the interests of class members</u> (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. 78u-4(a)(3)(B)(i)(emphasis added). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. 78u-(4)(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-(4)(a)(3)(B)(iii)(II).

Movant satisfies each of these requirements. During the Class Period, Movant suffered a total loss of at least $31,331 from his purchase of Vaso Active securities.[3] Movant is not aware of any other lead plaintiff movant with a larger financial interest in the relief sought in the related

---

[3] A copy of Movant's certification and loss calculation worksheet is attached to the Hess-Mahan Decl. as Exhibit B.

4

actions in this district. Movant is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with his chosen counsel.

Moreover, because Movant possesses a significant interest in the outcome of this litigation, if not the largest interest, he is presumed to be the "most adequate" plaintiff. 15 U.S.C. §78u-(4)(a)(3)(B)(iii)(I)(bb). Movant is both qualified to represent the class and willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

2. Movant Satisfies The Requirements of Rule 23.

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-(4)(a)(3)(B)(iii)(I)(cc); *see also Greebel v. FTP Software,* 939 F. Supp. 57, 59 (D. Mass. 1996). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim will meet the typicality requirement if each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to

prove the defendants' liability. *See Lernout*, 138 F. Supp. 2d at 46. The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.*, 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as other class members. *See, e.g.*, *also In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991); *Reiger v. Altris Software, Inc.*, No. 98CV0528J(JFS), 1998 U.S. Dist LEXIS 14705, at *10 (S.D. Cal. Sept. 11, 1998) (finding typicality requirement satisfied where claims were based "on the same legal theory and arise from the same event or course of conduct giving rise to the claims of other class members") (quoting *In re United Energy Corp.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988)).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citations omitted); *see also Adair v. Sorenson*, 134 F.R.D. 13, 18 (D. Mass. 1991).

Movant is an adequate representative for the class. Movant purchased Vaso Active securities during the Class Period and, like other putative class members, as a result of the Defendants' deliberate fraudulent and deceptive practices, suffered a loss in the form of the diminution of value in the price of Vaso Active securities. Moreover, Movant has retained

counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted his choice to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

B.  <u>The Court Should Approve the Movant's Selection of Cohen Milstein as Lead Counsel and Shapiro Haber as Liaison Counsel</u>.

The PSLRA vests authority in the lead plaintiff or group of lead plaintiffs to select lead counsel, subject to approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Cohen Milstein to serve as Lead Counsel. As detailed in its firm resume[4], Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. In addition, Shapiro Haber, a Boston-based litigation firm with over twenty years of experience representing individuals and businesses in complex civil litigation, including class actions for securities fraud. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (selecting lead counsel with "substantial experience and success in prosecuting securities fraud actions").

## V. **CONCLUSION**

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) approve Movant's selection of Cohen Milstein as Lead Counsel and Shapiro

---

[4] A copy of Cohen Milstein's firm resume and Shapiro Haber's firm resume are attached to the Hess-Mahan Decl. as Exhibits C and Dm respectively.

7

Haber as Liaison Counsel; and (iii) grant such other relief as the Court may deem to be just and proper.

Dated: June 7, 2004

Respectfully submitted
**SHAPIRO HABER & URMY LLP**

By:   /s/ Theodore M. Hess-Mahan
Thomas G. Shapiro BBO#454680
Theodore M. Hess-Mahan BBO #557109
Matthew L. Tuccillo BBO# 643336
Exchange Place
53 State Street
Boston MA  02109
Tel:  (617) 439-3939

*Proposed Liaison Counsel*

AND

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll
Daniel S. Sommers
Adam Savett
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600

*Attorneys for Eduard Slinin and Proposed Lead Counsel for the Class*