UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____  x
                                        )
                                        )
IN RE VASO ACTIVE PHARMACEUTICALS       )
SECURITIES LITIGATION                   )   Civil Docket for Case No.:
                                        )   1:04-CV-10708-RCL
                                        )
                                        )   Judge Reginald C. Lindsay
                                        )
                                        )
_____  x

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MICHAEL BERTELETTI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF PROPOSED LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL

**Preliminary Statement**

Movant, Michael Berteletti, ("Movant" or "Berteletti"), respectfully submits this memorandum in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an order appointing Movant as Lead Plaintiff of the class of purchasers of the securities of Vaso Active Pharmaceuticals, Inc. ("Vaso" or the "Company") as defined below, and approving Movant's selection of Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") as lead counsel for the class.

**The Movant**

Mr. Berteletti purchased Vaso securities during the period December 11, 2003 through March 31, 2004, inclusive, (the "Class Period"), and has suffered a loss of $71,800 in connection therewith.  See Certification of Michael Berteletti, annexed as Exhibit A to the Declaration of Christopher Keller ("Keller Decl."), filed herewith.  Thus, Movant has a significant financial interest in the outcome of the actions, which he reasonably believes to be the largest of any other Lead Plaintiff movant, and should be appointed lead plaintiff.

**The Defendants**

Vaso's principal activity is to develop, manufacture and market pharmaceutical products. The Company focuses on VALE transdermal delivery technology drugs.  Currently, Vaso markets Athlete's Relief and Osteon in the United States.  The Company's products include analgesics, toenail fungal treatment, acne, first aid, hand and body lotion and psoriasis treatment.

Defendant John J. Masiz was the President and CEO of Vaso.  He is also the CEO and Chairman of BioChemics, the Company's controlling shareholder.

Defendant Stephen G. Carter was the Chief Scientific Officer ("CSO") of Vaso. He is also the CSO of BioChemics, the Company's controlling shareholder.

## The Claims Asserted

The complaints in the now consolidated actions allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by, inter alia, issuing false and misleading statements regarding the Company's key products during the Class Period. Specifically, the Defendants knew, but actively concealed that the New England Medical Center in Boston, MA, had nothing to do with the Company's "clinical trial" of its "deFeet" product and was unable to draw any conclusions about the product; that the trial was not supervised by "independent physicians" but rather a hand picked podiatrist; and that a so-called endorsement from the American Association of Medical Foot Specialists was virtually worthless in value to the Company's in its marketing efforts.

On April 1, 2004, Securities and Exchange Commission ("SEC") regulators halted trading of Vaso stock due to questions regarding the accuracy of assertions made in the Company's press releases, annual report, registration statement and public statements to investors.

As discussed below, Movant satisfies each of the requirements set forth in the PSLRA and is qualified for appointment as lead plaintiff for the class in the actions. Movant also seeks approval by this Court of his selection of lead counsel for the class.

**ARGUMENT**

A.  **MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION**

    1.  **The Procedure Mandated by the PSLRA For Appointment of Lead Plaintiff**

The PSLRA amended the Exchange Act by adding new Section 21D to the Exchange Act, codified as 15 U.S.C. § 78u-4.  This section establishes a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Exchange Act § 21D(a)(1).

*First*, the plaintiff who files the first action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  Exchange Act § 21D(a)(3)(A)(i).  The first such notice was published on April 8, 2004.  See Keller Decl. Ex. B.

*Second*, within 90 days after publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  Exchange Act § 21D(a)(3)(B)(i).

The PSLRA provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a … presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

4

    (aa) has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I); see In re Waste Mgmt., Inc. Sec. Litig., 128 F. Supp. 2d 401, 410 (S.D. Tex. 2000); In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002). As set forth below, Movant is the "most adequate plaintiff" here.

### 2. Movant Satisfies the Lead Plaintiff Requirements of the PSLRA

  (a) Movant Has Complied With the Procedural Requirements of the PSLRA

  The 60-day period under the PSLRA in which motions for appointment as lead plaintiff must be filed expires on June 7, 2004. Movant has moved within the statutory 60-day period.

  As required by the PSLRA, Movant has executed a Certification that sets forth his transactions in Vaso securities during the Class Period. The Certification also indicates that Mr. Berteletti has reviewed a complaint filed in the actions, understands the responsibilities of serving as Lead Plaintiff and is willing to serve as a representative party on behalf of the class. See Certification, Keller Decl. Ex. A. In addition, Movant has retained competent and experienced counsel. See Firm Resume, Keller Decl. Ex. C. As noted in their firm resume, Goodkind Labaton is experienced in, and enjoys an excellent reputation for, successfully prosecuting class claims under the federal securities laws. Additional information about Goodkind Labaton is available on the firm's website, www.glrslaw.com.

### (b) Movant Has The Largest Financial Interest In The Relief Sought By the Class

Movant is presumptively the most adequate plaintiff because he appears to have the largest financial interest in the relief sought of any class member that has moved or will move for appointment as lead plaintiff. Courts, in applying the PSLRA, have noted that the "largest financial interest" standard should be viewed broadly in terms of (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the net funds expended during the class period, and (4) the approximate losses suffered by the plaintiff from the alleged fraud. See Schulman v. Lumenis, Ltd., 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *18 (S.D.N.Y., June 17, 2003); In re Critical Path, Inc. Secs. Litig., 156 F. Supp. 2d 1102, 1107 (N.D. Cal. 2001); In re McKesson HBOC, Inc. Secs. Litig., 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999); see also Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

During the proposed Class Period, Movant purchased Vaso securities as reflected in the certification, and Movant's losses, as limited by the PSLRA, are $71,800. See Certification, Keller Decl. Ex. A. Movant has consulted with counsel, understands the responsibilities of serving as lead plaintiff, and is prepared to participate in the litigation and effectively monitor counsel throughout the litigation. As of the date hereof, neither Movant nor counsel have received any motion or other notice by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here. Accordingly, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act.

       (c)  Movant Otherwise Satisfies
          the Requirements of Rule 23

  In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only Rule 23 prerequisites that are relevant in appointing the lead plaintiff. See In re Oxford Health Plans, Inc. Secs. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); Armour v. Network Assocs., Inc., 171 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2001); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1131-35 (C.D. Cal. 1999). This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

  Here, Movant purchased or otherwise acquired Vaso securities during the Class Period: (a) at prices alleged to have been artificially inflated by false and misleading statements issued during the class period, and (b) were damaged by Defendants' alleged violations of the federal securities laws. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all proposed class members. See Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999) (typicality requirement "is not demanding" and "[i]t focuses

on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent"), cert. denied, 528 U.S. 1159 (2000).

Movant is also an adequate representative of the class. The "adequacy" requirement of Rule 23 is measured by a two-pronged test. The moving party must show that the plaintiff's attorneys are qualified and experienced, and that the plaintiff does not have interests antagonistic to that of the class. See Mullen, 186 F.3d at 625-26. Movant has indicated that he will protect the interests of the class, as reflected in his certification affirming his interest in participating as lead plaintiff over these actions. See Certification, Keller Decl. Ex. A. Movant has also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims. See Firm Resume, Keller Decl. Ex. C.

### B.  THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the class. The Movant has selected and retained Goodkind Labaton as lead counsel. Goodkind Labaton is among the preeminent plaintiffs' class action law firms, having taken leading roles in numerous important actions on behalf of defrauded investors. In particular, Goodkind Labaton served as lead counsel for the Connecticut Retirement Plans and Trust Funds in the Waste Management securities litigation, which has resulted in a $457 million cash settlement, the fourth-largest common-fund securities class action settlement ever achieved.

Goodkind Labaton has been appointed as lead counsel in numerous cases brought after the enactment of the PSLRA, including appointments in the following cases:

- In re Transaction Systems Architects, Inc. Securities Litigation, No. 02-cv-00553 (D. Neb.) (representing the Genesee County Employees' Retirement System);

8

- <u>In re JDS Uniphase Corporation Securities Litigation</u>, Master File No. C 02-1486 CW (N.D. Cal.) (representing the Connecticut Retirement Plans and Trust Funds);

- <u>Goldfarb v. El Paso Corporation</u>, No. H-01-3717 (S.D. Tex.) (representing Oscar S. Wyatt, Jr., an individual with a $190 million loss);

- <u>In re Luxottica Group S.p.A. Securities Litigation</u>, No. CV 01-3285 (E.D.N.Y.) (representing a major New York investment partnership asserting claims under the Williams Act);

- <u>In re Bristol-Myers-Squibb Securities Litigation</u>, No. 00-1990 (D.N.J.) (representing Amalgamated Bank of New York);

- <u>St. Denis J. Villere & Co. v. Caprock Communications Corp.</u>, No. 00-CV-1613-R (N.D. Tex.) (representing a New Orleans money manager with more than $1 billion in assets under management);

- <u>In re Orbital Sciences Corporation Securities Litigation</u>, No. 99-197-A (E.D. Va.) (representing certain New York City pension funds); and

- <u>In re Vesta Insurance Group Inc. Securities Litigation</u>, No. CV 98-AR-1407 (N.D. Ala.) (representing the Florida State Board of Administration).

<u>See</u> Firm Resume, Keller Decl. Ex. C; <u>see also</u> <u>In re Waste Mgmt., Inc. Sec. Litig.</u>, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Goodkind Labaton "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). The Court should therefore approve Movant's selection of lead counsel.

## Conclusion

For the foregoing reasons, Movant respectfully requests that this Court appoint Mr. Berteletti as Lead Plaintiff in the consolidated action and approve Movant's selection of Goodkind Labaton to serve as Lead Counsel for the class.

Dated:  June 7, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore Hess-Mahan
Theodore Hess-Mahan (BBO#557109)
Exchange Place
53 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134

**GOODKIND LABATON RUDOFF
& SUCHAROW LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, New York 10017
Tel: (212) 907-0700
Fax: (212) 818-0477

*Attorneys for Movant And Proposed Lead Counsel for the Class*

600907 v1
[6/4/2004 11:17]