UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION  ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) | Master Docket No. 04-10708-RCL<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHAE GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A. The Chae Group Should Be Appointed Lead Plaintiff ..............................................4

    B. The Chae Group Satisfies All Three of the PSLRA's "Lead Plaintiff" Requirements ..............................................................................................................5

        1. The Chae Group Has Timely Moved for Appointment as Lead Plaintiff ..............................................................................................................5

        2. The Chae Group Has the Requisite Financial Interest in the Relief Sought by the Class ....................................................................................5

        3. The Chae Group Otherwise Satisfies Rule 23 ............................................6

IV. The Chae Group's Selection of Lead Counsel Should be Approved....................................7

V. CONCLUSION .......................................................................................................................8

Ki & Young Chae, Joseph Salmassi and Norman Brodeur (the "Chae Group") respectfully submit this Memorandum of Points and Authorities in support of their motion to be appointed lead plaintiff and for approval of their selection of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as lead counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

**I.    INTRODUCTION**

Presently pending in this district are 13 related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired the publicly traded securities of Vaso Active Pharmaceuticals, Inc. ("Vaso Active" or the "Company") between December 11, 2003 and March 31, 2004 (the "Class Period").[1] These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Exchange Act, as amended by the PSLRA, instructs the court to appoint as lead plaintiff the person or "group of persons" with the largest financial interest in the relief sought in this litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B). The Chae Group should be appointed lead plaintiff because it purchased $74,580 shares of Vaso Active securities, lost over $325,000 in connection therewith and otherwise satisfies the requirement of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64-65 (D. Mass. 1996) (appointing a group of three individuals with the largest loss as lead plaintiff); *see also* Affidavit of John E. DeWick in Support of the Chae Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of

---

[1]    On May 11, 2004, the Court entered an Order for Consolidation of the Actions.

Lead Counsel ("DeWick Aff."), Ex. A. In addition, the Chae Group's selection of LCSR to serve as Lead Counsel should be approved because LCSR has extensive experience in the prosecution of securities class actions such as this and will vigorously represent the interests of the class. *See* DeWick Aff., Ex. D.

## II.     STATEMENT OF FACTS[2]

Vaso Active develops, manufactures and markets pharmaceutical products, with a focus on drugs that incorporate the vaso active lipid encapsulated ("VALE") transdermal delivery technology. ¶15.[3] It began its operations in 2001 as a division of BioChemics, Inc. ("BioChemics"), and later became an independent subsidiary in January 2003. ¶16. The Company markets Athlete's Relief and Osteon in the United States, and it commercializes, markets and sells Termin8 and Xtinguish foot medications, formerly known as deFEET. ¶¶15, 19.

In December 2003, Vaso Active announced its initial public offering ("IPO"), which it claimed was necessary for a variety of reasons, including funding of its product development, implementation of marketing and commercialization plans, and remitting to BioChemics a large sum of fees and costs. ¶¶17, 19. In connection with its IPO, the Company filed a Registration Statement with the SEC, outlining its plan for the Athlete's Relief, Osteon and deFEET products. ¶19.

In its Registration Statement and throughout the Class Period, Vaso Active touted these three products as successful through clinical trials and with purported approval from the Food and Drug

---

[2]     These facts are derived from the allegations in the complaint captioned *Smith v. Vaso Active Pharmaceuticals, Inc., et al.*, No. 04-cv-10708 RCL, filed April 8, 2004 ("*Smith* Complaint").

[3]     Unless otherwise noted, all paragraph references ("¶_" or "¶¶__") are to the *Smith* Complaint.

Administration ("FDA").  *Id.*  It described the deFEET product (now Termin8 and Xtinguish) as a miracle drug that had passed through a pilot clinical trial:

> deFEET is a topically-applied, transdermal athlete's foot antifungal medication designed to eliminate athlete's foot infection in less than 10 days.... ***In a pilot clinical trial, supervised by independent physicians and analyzed by the New England Medical Center in Boston, MA, 20 severely infected athlete's foot patients were treated and studied over a 42-day period****....*  These results demonstrate the ability of the VALE technology to deliver Tolnaftate [an antifungal agent] much more effectively than a product not utilizing VALE technology ....

*Id*.  In addition, the Company's website boasted that its deFEET product had the endorsement of the American Association of Medical Foot Specialists.  ¶23.

These statements were grossly false and misleading for a number of reasons.  First, the New England Medical Center had nothing to do with the study resulting from deFEET's "clinical trial."  *Id.*  Second, the New England Medical Center was unable to draw any conclusions about the product's effectiveness, and it played no role in selecting patients or gathering evidence.  *Id.*  Third, the trial was not supervised by "independent physicians" but rather one podiatrist handpicked by the Company's majority shareholder and handsomely paid.  *Id.*  Fourth, the Company's so-called "pilot clinical trial" was neither new nor revolutionary but more than half a decade old.  *Id*.

Moreover, the Company's representation that the American Association of Medical Foot Specialists had endorsed its deFEET product was of little, if any, value.  *Id*.  In fact, the "association" is a small outfit operating out of the President's office and is not widely known or respected in the medical community.  *Id*.  Further, its endorsement is questionable because Vaso Active was asked to make a donation in exchange for that stamp of approval.  *Id*.

Vaso Active also made material misrepresentations about the demand for its stock.  On February 19, 2004, the Company announced a 3-for-1 stock split, which it justified as necessary to increase liquidity.  ¶20.  John Masiz, the CEO and Chairman of the Company, explained: "[r]ecently, there has been significant demand for our common stock at the institutional level.  However,

liquidity has proved to be an obstacle...." *Id*. Yet, contrary to defendants' claim, there was little, if any, institutional demand for the Company's shares at that time. ¶23. Indeed, there was no institutional or retail analyst who even followed the Company. *Id.*

On April 1, 2004, *Reuters* announced that the SEC had halted trading in the Company's stock. ¶22. In its announcement, the SEC questioned the accuracy of Vaso Active's assertions made in press releases, annual report, Registration Statement and statements to the investing public about the FDA's approval of certain key products. *Id*. The SEC has since resumed trading, but the Company's stock prices have fallen drastically from $7.59 on the day trading was halted to $0.48 on June 1.

### III. ARGUMENT

#### A. The Chae Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the Exchange Act that are brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§78u-4, *et. seq*.

***First***, the plaintiff who files the initial action must publish notice within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.[4] 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of notice, any person *or* group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A)-(B).

---

[4] Notice was properly published within 20 days of the first-filed action in *Business Wire* on April 8, 2004. *See* DeWick Aff., Ex. C. The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel*, 939 F. Supp. at 62, 64.

Unless otherwise noted, all emphasis is added and citations are omitted.

*Second*, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member *or members of the class* that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Third, in determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or *group of persons* that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice ...;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. The Chae Group Satisfies All Three of the PSLRA's "Lead Plaintiff" Requirements

#### 1. The Chae Group Has Timely Moved for Appointment as Lead Plaintiff

All putative class members seeking to be appointed lead plaintiff in this matter must move for that designation by June 7, 2004. 15 U.S.C. §78u-4(a)(3)(A). Here, pursuant to the PSLRA's 60-day filing requirement, the Chae Group hereby timely moves this Court to be appointed Lead Plaintiff, and has also duly signed and filed certifications stating its individual members' willingness to serve as representative parties on behalf of the class. *See* DeWick Aff., Ex. A.

#### 2. The Chae Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period the Chae Group suffered losses of over $325,000 based on its purchase of approximately 74,500 shares of Vaso Active stock at a cost of over $611,000. *See*

DeWick Aff., Exs. A-B.  Upon information and belief, the Chae Group's financial interest in this matter is the largest of any competing lead plaintiff movant.  *See* 15 U.S.C. §78u-(a)(3)(B)(iii)(I).

### 3. The Chae Group Otherwise Satisfies Rule 23

Under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a motion for class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").

The Chae Group satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Vaso Active securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. *See Priest*, 118 F.R.D. at 555.

Under Rule 23(a)(4) the representative party must also "'fairly and adequately protect the interests of the class.'" *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Here, the Chae Group is an adequate representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with those of the class. *See id*. Further, there is no antagonism between the Chae Group's interests and those of the class generally. *Id*. Thus, the Chae Group *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**IV.    The Chae Group's Selection of Lead Counsel Should be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. The Chae Group has selected LCSR to serve as Lead Counsel and Melick, Porter & Shea, LLP to serve as Liaison Counsel. LCSR possesses extensive experience litigating securities class actions, has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002).

## V.   CONCLUSION

For the foregoing reasons, the Chae Group respectfully request that this Court: (1) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (2) approve its selection of Lead Counsel.

DATED:  June 7, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 6/7/04

          /s/ John E. DeWick

Respectfully submitted,

MELICK, PORTER & SHEA, LLP
RICHARD J. SHEA, BBO #456310
JOHN E. DeWICK, BBO #654723


          /s/ John E. DeWick
          JOHN E. DeWICK

28 State Street
Boston, MA  02109
Telephone:  617/523-6200
617/523-8130 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA
  & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
RAMZI ABADOU
401 B Street, Suite 1700
San Diego, CA  921012
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA
  & ROBBINS LLP
AZRA Z. MEHDI
RACHEL L. JENSEN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

                                      GELLER RUDMAN, PLLC
                                      SAMUEL H. RUDMAN
                                      DAVID A. ROSENFELD
                                      200 Broadhollow Road, Suite 406
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)

                                      Attorneys for Plaintiffs

S:\CasesSD\Vaso\BRF00010301-LP.doc