Page 1

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

Ki Chae ("Plaintiff"), declares as to the claims asserted, or to be asserted, under the federal securities laws, that:

1. Plaintiff has reviewed the Vaso Active Pharmaceuticals, Inc. complaint.

2. Plaintiff did not purchase any common stock/securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. **BEFORE** the start of the Class Period, Plaintiff held _____ shares of Vaso Active Pharmaceuticals, Inc. common stock/securities.

5. The following includes all of Plaintiff's transactions DURING the Class Period specified in the complaint for the common stock/securities that are the subject of this action:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | QUANTITY | TRADE DATE | PRICE PER SHARE/SECURITY |
|---|---|---|---|---|
| VAPH Vaso Active Ph. | Purchase | 10000 | 3/10/04 | 8.44 |
| VAPH | Purchase | 9050 | Mar. 11, 04 | 7.50 |
| VAPH | Purchase | 950 | Mar. 11, 04 | 7.455 |
| VAPH | Purchase | 8800 | Mar. 11, 04 | 7.60 |
| VAPH | Purchase | 1000 | Mar. 11, 04 | 7.34 |
| VAPH | Purchase | 200 | Mar. 11, 04 | 4.52 |

Please list additional transactions on a separate sheet if necessary.   Continue separate sheet

6. Plaintiff's shares were acquired (check all that apply):  ☐ IRA   ☐ Employer-sponsored plan (401K, 403B, etc.)
   ☑ Non-retirement account   ☐ Merger/acquisition   ☐ Other (describe):_____

7. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws within the past three years, unless otherwise stated in the space below: **NONE**

8. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of _____, 2004.

_____
SIGNATURE

Name (print): **KI CHANG CHAE & YOUNG HEE CHAE**

Page 2
Ki Chang Chae &
young hee chae

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | QUANTITY | TRADE DATE | PRICE PER SHARE/SECURITY |
|---|---|---|---|---|
| VAPH  Vaso Active phar. | purchase | 10000 | Mar.11.04 | 7.²¹ |
| VAPH | purchase | 1880 | Mar.23.04 | 7.¹⁹ |
| VAPH | purchase | 100 | Mar.23.04 | 7.¹⁸ |
| VAPH | Purchse | 100 | Mar.24.04 | 6.⁶¹ |
| VAPH | purchse | 100 | Mar.24.04 | 6.⁶¹ |
| VAPH | purchase | 200 | Mar.24.04 | 6.⁶¹ |
| VAPH | purchase | 200 | Mar.24.04 | 6.⁶¹ |
| VAPH | purchase | 2000 | Mar.24.04 | 6.⁵⁵ |
| VAPH | Sale | 200 | 3.19.04 | 7.⁸⁰ |
| VAPH | Sale | 100 | 3.19.04 | 7.⁷⁹ |
| VAPH | Sale | 700 | 3.19.04 | 7.⁷¹ |
| VAPH | Sale | 100 | 3.19.04 | 7.⁸⁵ |
| VAPH | Sale | 1600 | 3/19/04 | 7.⁸¹ |
| VAPH | Sale | 1700 | 3.19.04 | 7.⁷⁶ |
| VAPH | Sale | 2100 | 3.19.04 | 7.⁷⁵ |
| VAPH | Sale | 1480 | 3.19.04 | 7.⁶⁵  (Had corrected 3.22.04  7.⁷¹) |
| VAPH | Sale | 2100 | 3.26.04 | 7.⁶⁰ |
| VAPH | Sale | 450 | 3.26.04 | 7.⁶¹ |
| VAPH | Sale | 34050 | Apr.16.04 | 1.⁹⁰ |

**Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws**

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by LCSR, retains Lerach Coughlin Stoia & Robbins LLP ("LCSR") to file an action under the federal securities laws to recover damages and to seek other relief against Vaso Active Pharmaceuticals, Inc. ("Vaso Active"). LCSR will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Vaso Active Pharmaceuticals, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by LCSR.

| | |
|---|---|
| **First name:** | Joseph |
| **Last name:** | Salmassi |
| **Address:** | 7002 reuter |
| **City:** | Dearborn |
| **State, Zip:** | Michigan, 48126 |
| **Email:** | alfhs02@hotmail.com |
| **Phone:** | 313-584-5706 |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the represention of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price per Share |
|---|---|---|
| 03/01/04 | 2000 | 26.73 |

| | | |
|---|---|---|
| 03/04/04 | 2000 | 34.4415 |
| 03/26/04 | 3000 | 7.7483 |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price per Share |
|---|---|---|
| 03/02/04 | 2000 | 34.00 |
| 03/29/04 | 3000 | 7.1647 |

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

| | |
|---|---|
| **I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:** | yes |
| **By clicking on the button below, I intend to sign and execute this agreement:** | yes |

Clicked to Participate in the Vaso Active Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act

## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by LCSR, retains Lerach Coughlin Stoia & Robbins LLP ("LCSR") to file an action under the federal securities laws to recover damages and to seek other relief against Vaso Active Pharmaceuticals, Inc. ("Vaso Active"). LCSR will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Vaso Active Pharmaceuticals, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by LCSR.

| | |
|---|---|
| **First name:** | Norman |
| **Last name:** | Brodeur |
| **Address:** | 11649 NW 5th Street |
| **City:** | Plantation |
| **State, Zip:** | FL, 33325 |
| **Email:** | normanbrodeur@hotmail.com |
| **Phone:** | (954) 452-0488 |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the represention of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price per Share |
|---|---|---|
| 03/26/04 | 10000 | 8.46 |

| 03/17/04 | 5000 | 8.57 |
|---|---|---|

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price per Share |
|---|---|---|
| 03/26/04 | 5000 | 7.55 |

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

| | |
|---|---|
| I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: | yes |
| By clicking on the button below, I intend to sign and execute this agreement: | yes |

Clicked to Participate in the Vaso Active Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act