## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
| IN RE VASO ACTIVE PHARMACEUTICALS | : | Consolidated Case No.: 04-10708 |
| SECURITIES LITIGATION | : | (RCL) |
|  | : |  |
|  | : |  |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MERTURI GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THE MERTURI GROUP'S SELECTION OF LEAD COUNSEL AND <u>LIAISON COUNSEL</u>

Luz Merturi, Brenda Reinemund on behalf of Glen Reinemund, Derek Bauer, Maria Pia Hellrigl, and Hector Tarazona (collectively, the "Merturi Group" or "Movants") hereby move this Court for entry of an order: (1) consolidating the above-captioned actions (the "Actions"), (2) appointing Movants Lead Plaintiff in the Actions, and (3) approving Movants' selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel, and Moulton and Gans, P.C. ("Moulton & Gans") as Liaison Counsel.

## PRELIMINARY STATEMENT

As of June 4, 2004 there were twelve related class action lawsuits pending in this District brought on behalf of persons who purchased or otherwise acquired securities of Vaso Active Pharmaceuticals, Inc. ("Vaso" or the "Company") between December 11, 2003 and March 31, 2004, inclusive (the "Class Period"). These Actions are brought pursuant to §§11 and 15 of the Securities Act of 1933 ("Securities Act"), and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5 promulgated thereunder. Defendants are Vaso and certain of its officers and directors. Class members sustained significant losses as a result of defendants' alleged materially false and misleading statements.

Pursuant to the PSLRA, prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate related actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as the Lead Plaintiff the movant or group of movants with the largest financial interest in the litigation of those seeking such appointment and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.*

The Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). The Merturi Group should be appointed as Lead Plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) with an estimated loss of $196,323.97 in Vaso securities during the Class Period, the Merturi Group has the largest financial interest in this litigation of any plaintiff or lead plaintiff movant of which movants are aware; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  The Merturi Group's selection of Milberg Weiss to serve as Lead Counsel, and Moulton & Gans to serve as Liaison Counsel should be approved because, pursuant to the PSLRA, the Merturi Group, as the presumptive Lead Plaintiff, selects counsel.  Milberg Weiss and Moulton & Gans have extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## STATEMENT OF FACTS [1]

The complaints are brought against Vaso, a company which marketed and sold over-the-counter analgesics, anti-fungal treatments, first aid and body lotions, and other pharmaceutical products, and certain of its officers and/or directors for violations of the Exchange Act.  According to the complaints, Vaso made an initial public offering ("IPO") of 1.45 million shares at $5.00 per share in order raise money to fund the commercialization of its anti-fungal foot cream marketed under the Company's deFeet brand, and to repay its majority shareholder, BioChemics, Inc. for various operational charges.  Defendants stated in the Company's registration statement, filed with the SEC in connection with Vaso's IPO, that the deFeet product would effectively and efficiently treat athlete's foot infections and that the

---

[1]     These facts are derived from the allegations in the complaint captioned *Pepin v. Vaso Active Pharmaceuticals Inc.*, *et al.*, No. 1:04-cv-10763 (Lindsay, J.) (D. Mass. filed on April 15, 2004) ("the *Pepin* Complaint").

clinical trials of the foot cream were supervised by a team of independent physicians, analyzed by the New England Medical Center of Boston, and endorsed by the American Association of Medical Foot Specialists.  Defendants also claimed in subsequent press releases that Vaso had attracted many institutional investors.  These claims, as alleged by plaintiffs, were materially false and misleading because (1) the New England Medical Center had nothing to do with the study associated with the trial; (2) the trial was supervised by *one* podiatrist who was selected by the Company's majority shareholder and compensated by the Company; (3) the Company's "clinical trial" was more than half a decade old; (4) the Association of Medical Foot Specialists is not well known as an authority in the medical community, and the Company obtained its endorsement of Vaso's product by making a donation to the Association; and (5) there was little, if any, institutional demand for Vaso's securities.  Defendants were motivated to engage in the fraudulent conduct alleged in the complaints in order to artificially inflate the price of Vaso securities during the Class Period so that the Company could complete its IPO of thousands of shares of Vaso stock which generated millions of dollars in proceeds.  In addition, certain of Vaso's officers and/or directors named as defendants, who were also senior officials of BioChemics, Vaso's controlling shareholder, were motivated to misrepresent the prospects of Vaso's products and business in order to protect BioChemics' financial interest in the Company.

On April 1, 2004, before the market opened, the Securities and Exchange Commission announced in a press release that trading of Vaso securities had been temporarily suspended due to "questions regarding the accuracy of assertions by VAPH [Vaso] and by others. . . concerning, among other things:  (1) FDA approval of certain key products,  and (2) the regulatory consequences of the future application of their primary product."  As a result of

the suspension, the price of Vaso shares on April 1, 2004 closed at $7.59 per share, the closing price on the day before.

On April 7, 2004, Vaso issued a press release announcing that it had received a letter from the Nasdaq Listing Investigations department regarding the Company's compliance with Nasdaq listing requirements. In the release, Vaso stated "In view of the substantial administrative and cash burdens being borne by the Company at this time, the Company has determined that it is in the best interest of shareholders to voluntarily cause its shares to be removed from Nasdaq".

## ARGUMENT

## POINT I.

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions assert class claims on behalf of the purchasers of Vaso securities for alleged violations of the securities laws during the Class Period. The Actions name common defendants and involve the same factual and legal issues. They are each brought by investors who purchased shares of Vaso during the Class Period pursuant to the materially false and misleading statements which artificially inflated the price of Vaso securities. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir. 1988) ("Rule Civ.P. 42 ... allows consolidation if there is a common question of law or fact."); *Storlazzi v. Bakey*, 894 F. Supp. 494, 499 (D. Mass. 1995) (consolidating actions which allege related claims and parties in the "interest of judicial economy and efficiency, and a concern over piece-meal litigation"). That test is readily met here and, accordingly, the Actions should be consolidated.

## POINT II.

## MOVANTS SHOULD
## BE APPOINTED LEAD PLAINTIFF

### A.     The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff

in "each private action arising under the [Securities Act or Securities Exchange Act] that is

brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C.

§ 78u-4(a)(1) and (a)(3)(B)(i); *see In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39, 42

(D. Mass. 2001) (applying PSLRA standards for appointment of lead plaintiff).

First, the plaintiff who files the initial action must publish a notice to the class, within 20

days of filing the action, informing class members of their right to file a motion for appointment

as Lead Plaintiff. 15 U.S.C. §  78u-4(a)(3)(A)(i).  Plaintiff in the first-filed action captioned

*Smith v. Vaso Active Pharmaceuticals Inc.*, No. 04-cv-10708 (D. Mass. filed on April 8, 2004),

caused notice to be published on *Business Wire* on April 8, 2004.[2]  Within 60 days after

publication of the notice, any person or group of persons who are members of the proposed class

may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously

filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court

shall consider any motion made by a class member and shall appoint as Lead Plaintiff the

member or members of the class that the Court determines to be most capable of adequately

---

[2]     A copy of this notice is attached as Exhibit A to the Declaration of Nancy F. Gans, submitted contemporaneously herewith ("Gans Decl.").  The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).  In determining the

"most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this Act is the person or
> group of persons that
>
>> (aa) has either filed the complaint or made a motion
>> in response to a notice...
>>
>> (bb) in the determination of the court, has the
>> largest financial interest in the relief sought by the
>> class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23
>> of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See generally Greebel*, 939 F. Supp. at 64; *In re Lernout &*

*Hauspie Sec. Litig.*, 138 F. Supp. 2d at 43-37.


### B.    Movants Satisfy The "Lead Plaintiff" Requirements Of The PSLRA

#### 1.    Movants Have Complied With The PSLRA And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein

under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on June 7, 2004.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice

(published on April 8, 2004), Movants timely move this Court to be appointed Lead Plaintiff on

behalf of all members of the Class.

Movants have each duly signed a certification stating that they have reviewed the

complaint and are willing to serve as representative parties on behalf of the class.  *See* Gans

Decl., Exhibit B (attaching certifications of the Merturi Group).   In addition, Movants have

selected and retained competent counsel to represent them and the class. *See* Gans Decl. Exhs. D

and E (attaching firm resumes of Milberg Weiss and Moulton & Gans).  Accordingly, Movants

have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and their selection of Milberg Weiss to serve as Lead Counsel, and Moulton & Gans to serve as Liaison Counsel approved by the Court.

### 2.     Movants Have The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by the certifications signed by or on behalf of each member of the Merturi Group (*see* Gans Decl. Exhibit B) and analysis of their transactions in Vaso securities (*see* Gans Decl. Exhibit C), the Merturi Group has suffered losses of $196,323.97. Upon information and belief, the Merturi Group's financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, the Merturi Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). *See Greebel*, 939 F. Supp. at 64 (appointing movant group with the largest financial interest as lead plaintiff.).

### 3.     Movants Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two — typicality and adequacy -directly address the personal characteristics of the class representative. Consequently, in

deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d at 46 (lead plaintiff movants need only satisfy typicality and adequacy prongs); *In re Enterasys Networks, Inc. Sec. Litig.,* 2002 U.S. Dist. LEXIS 15450, at *7 (D.N.H. Aug. 2, 2002) (movants need only make a preliminary showing of typicality and adequacy); *see also Lax v. First Merchants,* 1997 U.S. Dist. LEXIS 11866 at *20; *Fischler v. Amsouth Bancorporation,* No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Bank of Boston Corp. Sec. Litig.,* 762 F. Supp. 1525, 1532 (D. Mass. 1991) (claims must arise from the same events or course of conduct and involve the same legal theory as the class' claims). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.,* 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the

claims must be identical. *See Guckenberger v. Boston Univ.,* 957 F. Supp. 306, 325 (D. Mass. 1997) (the "'typicality' and 'commonality' prerequisites of Rule 23 do not require that all of the putative class members share identical claims"; rather "these prerequisites mandate only that complainants' claims be common, and not in conflict.") (citations omitted).

Movants satisfy this requirement because, just like all other class members, they: (1) purchased or otherwise acquired Vaso securities during the Class Period; (2) purchased Vaso securities at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding Movants' adequacy to represent the class to the existence of any conflicts between their interests and the interests of the other members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank,* 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Movants are adequate representatives of the class. As evidenced by the injury suffered by them as a result of acquiring Vaso shares at prices artificially inflated by defendants' materially false and misleading statements, Movants' interests are clearly aligned with those of other class members, and there is no antagonism between Movants' interests and those of the

other members of the class.  In addition, as shown below, Movants' proposed Lead Counsel and

Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a

professional manner. Thus, Movants *prima facie* satisfies the commonality, typicality and

adequacy requirements of Rule 23 for the purposes of this motion.

### POINT III.

### MOVANTS' CHOICE OF LEAD COUNSEL
### AND LIAISON COUNSEL SHOULD BE APPROVED

Movants have selected Milberg Weiss to serve as Lead Counsel, and Moulton & Gans as

Liaison Counsel, subject to Court approval.  Milberg Weiss and Moulton & Gans possess

extensive experience litigating securities class actions and has successfully prosecuted numerous

securities fraud class actions on behalf of injured investors.  Milberg Weiss has been appointed

as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers*

*Antitrust Litig.,* 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever

in an antitrust case, and *In re Raytheon Sec. Litig.,* No. 99-12142-PBS (D. Mass. 1999) (with

Moulton & Gans, P.C. as Liaison Counsel), where defendants have agreed to one of the largest

settlements in this nation.[3]  *See* Gans Decl. Exhs. D and E (attaching firm resumes).

### CONCLUSION

For the foregoing reasons, the Merturi Group satisfies the PSLRA's requirements for

appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to

15 U.S.C. §78u-4(a)(3)(B).  Movants respectfully requests that this Court: (1) consolidate the

actions presently pending in the District of Massachusetts; (2) appoint them as Lead Plaintiff

---

[3]       *See also In re Advanced Tissue Scis. Sec. Litig.,* 184 F.R.D. 346, 352 (S.D. Cal. 1998) (Milberg Weiss
qualified to serve as lead counsel); *Chill v. Green Tree Fin. Corp.,* 181 F.R.D. 398, 403, 413-15 (D. Minn. 1998)
(same); *In re Donnkenny, Inc. Sec. Litig.,* 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (same); *Holley v. Kitty Hawk, Inc.*
200 F.R.D. 275, 282 (N.D. Tex. 2001) (same); *Greebel v. FTP Software*, 939 F. Supp. at 64 (same).

pursuant to PSLRA; and (3) approve its selection of Milberg Weiss as Lead Counsel, and

Moulton & Gans as Liaison Counsel.

DATED:  June 7, 2004                                 Respectfully submitted,


                                                    **MOULTON & GANS, P.C.**


                                                    By:  /s/Nancy Freeman Gans
                                                    Nancy Freeman Gans
                                                    33 Broad Street, Suite 1100
                                                    Boston, MA  02109
                                                    Tel.:  (617) 369-7979

                                                    *Proposed Liaison Counsel*

                                                    **MILBERG WEISS BERSHAD &
                                                    SCHULMAN LLP**
                                                    Steven G. Schulman
                                                    Peter E. Seidman
                                                    Sharon M. Lee
                                                    One Pennsylvania Plaza
                                                    New York, NY 10119
                                                    Tel: (212) 594-5300

                                                    *Proposed Lead Counsel*

                                                    **BRODSKY & SMITH, LLC**
                                                    Evan Smith
                                                    Two Bala Plaza, Suite 602
                                                    Bala Cynwyd, PA  19004
                                                    Tel:  (610) 667-6200

                                                    **LAW OFFICES OF CHARLES J.
                                                    PIVEN, P.A.**
                                                    Charles J. Piven
                                                    The World Trade Center-Baltimore
                                                    401 East Pratt Street, Suite 2525
                                                    Baltimore, Maryland  21202
                                                    Tel.:  (410) 986-0036

                                                    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Sharon M. Lee, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mailing a copy of same, postage prepaid, on June 7, 2004.

<u>/s/ Sharon M. Lee</u>
Sharon M. Lee