UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VASO ACTIVE PHARMACEUTICALS  ) Consolidated Case No. 04-10708-RCL
SECURITIES LITIGATION              )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE CHOI GROUP TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL
OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

**PRELIMINARY STATEMENT**

Vaso Active Pharmaceuticals, Inc. investors Edwin Choi, Richard Ching and Joe Huback (the "Choi Group" or "Movants") have losses totaling approximately $339,239 as a result of their investments in Vaso Active Pharmaceuticals, Inc. ("Vaso Active" or the "Company"). Accordingly, Movants are believed to have suffered the largest financial loss of any other movant and, as such, have the largest financial interest in the outcome of this litigation. As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants hereby move for their appointment as lead plaintiffs of a proposed class of persons or entities who purchased or acquired the securities of Vaso Active between December 11, 2003 and March 31, 2004, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned consolidated action is a securities purchaser class action lawsuit that has been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Movants, with losses of approximately $339,239, in connection with their purchases of Vaso Active securities during the Class Period, are suitable and adequate to serve as lead plaintiffs.[1] Furthermore, Movants have submitted their certifications demonstrating their desire to serve as lead plaintiffs in this action and their understanding of the attendant duties and

---

[1] The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

obligations of serving as such. See Check Decl. at Exhibit A.  Movants' losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Check Decl. at Exhibit C.[2]  Movants are not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses.  In addition, Movants satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as lead plaintiffs in this action.  Thus, as demonstrated herein, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

Movants respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) appointing the Choi Group to serve as lead plaintiffs pursuant to the Exchange Act; (2) approving the Choi Group's selection of Schiffrin & Barroway, LLP to serve as lead counsel for the Class; and (3) approving the Choi Group's selection of Shapiro Haber & Urmy LLP to serve as liaison counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the above-captioned consolidated action was commenced in this jurisdiction on or about April 8, 2004.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on April 8, 2004, the first notice that a class action had been initiated against defendants was published on a widely circulated national business-oriented wire service advising members of the proposed class of

---

[2]  Movants' sworn certifications documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Darren J. Check In Support Of Motion Of The Choi Group To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Check Decl.").

their right to move the Court to serve as lead plaintiff no later than June 7, 2004.  See Check Decl. at Exhibit B.

Movants are class members (see Check Decl. at Exhibit A) and are filing this motion within the 60 day period following publication of the April 8, 2004 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[3]

Vaso Active Pharmaceuticals, Inc. is a Delaware corporation with its principal executive offices located in Danvers, Massachusetts.  Vaso Active is a company focused on commercializing, marketing and selling over-the-counter ("OTC") pharmaceutical products, with a particular concentration on drugs that incorporate the vaso active lipid encapsulated ("VALE") transdermal delivery technology.

Throughout the Class Period, defendants failed to disclose that Vaso Active's claims regarding the effects of its Termin8 product were unsubstantiated and that the Federal Drug and Food Administration ("FDA") had not fully endorsed certain of the Company's key products.  On March 31, 2004, the United States Securities and Exchange Commission ("SEC") halted the trading of Vaso Active stock through April 15, 2004.  The SEC release questioned the accuracy of assertions made in Vaso Active's press releases, annual report, registration statement and public statements to investors.

---

[3]  These facts were derived from the allegations contained in the class action styled as *Shapiro v. Vaso Active Pharmaceuticals, Inc, et al.,* Civil Action No. 04–10720-NG.

**ARGUMENT**

I.   **THE CHOI GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS**

    A.   **The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff(s) to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on April 8, 2004. See Check Decl. at Exhibit B.[/4] This notice indicated that applications for appointment as lead plaintiff were to be made no later than June 7, 2004. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff(s) the movant(s) that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

---

   [/4]   *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6,1997).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866, at *7.

### B.    The Choi Group Are "The Most Adequate Plaintiffs"

#### 1.    The Choi Group Has Made A Motion For Their Appointment As Lead Plaintiffs

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movants timely move this Court to be appointed lead plaintiffs on behalf of all plaintiffs and class members covered by the above-captioned consolidated action and any other actions deemed related by this Court.

#### 2.    The Choi Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff(s) the class member(s) who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, Movants (with losses of $339,239) have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiffs." See Check Decl. at Exhibit C.

### 3. The Choi Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiffs, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20. As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.[5]

#### a. The Choi Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

---

[5] The members of the Choi Group, collectively, have been investing in the stock market for over thirty-six years and are typical and adequate to serve as lead plaintiffs in the above-captioned consolidated action. Mr. Choi, a physician, Mr. Ching, a general contractor, and Mr. Huback, an engineering estimator, have agreed to work together as a group to vigorously prosecute this action in the best interests of the putative class.

those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, at *13-14 (N.D. Ill. October 28, 1996).

Movants seek to represent a class of purchasers of Vaso Active securities which have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Vaso Active securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### b.    The Choi Group Fulfill The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movants to: (1) whether there are any conflicts between the interests of the Movants and

the members of the Class; (2) whether the Movants are adequate representatives of the Class; (3) whether the interests of the Movants are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, Movants share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, Movants already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications detailing theur Class Period transactions and expressing their willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest known financial interest so that their "financial stake in the litigation provides an adequate incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, Movants, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore, satisfy all elements of the Exchange Act's prerequisites for appointment as lead plaintiffs in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**II.   THE COURT SHOULD APPROVE
       THE CHOI GROUP'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected

and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Shapiro Haber & Urmy LLP to serve as liaison counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Check Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movants or their counsel will not fairly and adequately represent the Class, or that the Movants are subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Choi Group as lead plaintiffs and approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Shapiro Haber & Urmy, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (a) appoint the Choi Group as lead plaintiffs; (b) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (c) approve Shapiro Haber & Urmy LLP as liaison counsel for the Class.

Dated: June 7, 2004

                                        Respectfully submitted,

                                        **SHAPIRO HABER & URMY, LLP**

                                        /s/Theodore M. Hess-Mahan
                                        Thomas G. Shapiro (BBO# 454680)
                                        Theodore M. Hess-Mahan (BBO# 557109)
                                        53 State Street
                                        Boston, MA 02109
                                        Telephone:     (617) 439-3939
                                        Facsimile:      (617) 439-0134

                                        **Proposed Liaison Counsel**

                                        **SCHIFFRIN & BARROWAY, LLP**
                                        Stuart L. Berman
                                        Darren J. Check
                                        Sean M. Handler
                                        Three Bala Plaza East, Suite 400
                                        Bala Cynwyd, PA  19004
                                        Telephone:     (610) 667-7706
                                        Facsimile:      (610) 667-7056

                                        **Proposed Lead Counsel**