UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN -8 A 11: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DEAN DUMMER, DENNIS E. SMITH, MODHI GUDE, ARJI GAUTHAMI, CHRISTOPHER PEPIN, KOUROSH ALIPOR, IRA A. TURRET SEP-IRA DATED 01/24/02, PAUL BOSTROM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>Defendants. | Civil Action No.: 04-cv-10708 RCL |
| RICHARD SHAPIRO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>Defendants. | Civil Action No.: 04-cv-10720 NG |
| CHRISTOPHER PEPIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>Defendants. | Civil Action No.: 04-cv-10763 RCL |

[captions continued on the following page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRUCE A. YUNGMAN AND RONNIE YOUNG FOR CONSOIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| MODHI GUDE, individually and on behalf of all others similarly situated,<br><br>                                                    Plaintiff,<br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>                                                    Defendants. | Civil Action No.: 04-cv-10789 RCL |
| JOSEPH ROSENKRANTZ, Derivatively on behalf of Vaso Active Pharmaceuticals,<br><br>                                                    Plaintiff,<br>vs.<br><br>BIOCHEMICS, INC. WILLIAM P. ADAMS, ROBERT E. ANDERSON, STEPHEN G. CARTER, GARY FROMM, JOHN J. MASIZ, KEVIN J. SEIFERT, BRUCE A. SHEAR, BRIAN STRASNICK, VASO ACTIVE PHARMACEUTICALS, INC.<br><br>                                                    Defendants. | Civil Action No.: 04-cv-10792 RCL |
| KIM & JOSEPH BENEDETTO, Individually and on behalf of all others similarly situated,<br><br>                                                    Plaintiffs,<br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ and JOSEPH FRATTAROLI,<br><br>                                                    Defendants. | Civil Action No.: 04-cv-10763 RCL |
| [Captions continued on the following page] | |

| | |
|---|---|
| DEAN DUMMER, individually and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>                                     Defendants. | Civil Action No.: 04-cv-10819 NG |
| EDWARD A. TOVREA, Individually and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>                                     Defendants. | Civil Action No.: 04-cv-10851 RCL |
| KOUROSH ALIPOR, on behalf of himself and all others similarly situated,<br><br>                                     Plaintiff,<br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>                                     Defendants. | Civil Action No.: 04-cv-10877 RCL |
| [captions continued on the following page] | |

| | |
|---|---|
| PAUL BOSTROM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ and JOSEPH FRATTAROLI<br><br>Defendants. | Civil Action No.: 04-cv-10948 RCL |
| IRA A. TURRET SEP-IRA DATED 01/24/02, PAUL BOSTROM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>Defendants. | Civil Action No.: 04-cv-10980 RCL |
| JAMES KARANFILIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI and STEPHEN G. CARTER,<br><br>Defendants. | Civil Action No.: 04-cv-10877 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRUCE A. YUNGMAN AND RONNIE YOUNG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Plaintiffs Bruce A. Yungman ("Yungman") and Ronnie Young ("Young") hereby respectfully submit this memorandum of law in support of their motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiffs,

4

pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Yungman's and Young's selection of Lead Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against Vaso Active Pharmaceuticals, Inc. ("Vaso Active" or the "Company"), and certain officers and/or directors of the Company (all collectively, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all purchasers of the securities of Vaso Active between December 11, 2003 and March 31, 2004, inclusive (the "Class Period").

Mr. Yungman purchased 3,000 shares and Mr. Young purchased 750 shares of Vaso Active common stock during the Class Period and suffered combined losses[1] of approximately $30,400 as a result of defendants' misconduct. The Plaintiffs herein seek Court approval of their selection of Lead Counsel for plaintiff and the Class as set forth herein. As discussed below, the Plaintiffs have satisfied each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff in these Actions.

## PROCEDURAL BACKGROUND

---

[1] The losses suffered by Mr. Yungman and Mr. Young are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D and based on information concerning the current market for the Company's common stock. See Declaration of Fred Taylor Isquith, Esq., June 7, 2004 (the "Isquith Decl."), Ex. C.

On April 8, 2004, the plaintiffs in the Smith action[2] filed the first of these related complaints on behalf of a class consisting of all persons who purchased the common stock of Vaso Active during the proposed Class Period. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on April 8, 2004, plaintiff in the Smith action published notice of the pendency of the action over a widely-available, national business-oriented wire service, Business Wire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice, i.e., by June 7, 2004. See Isquith Decl., Ex. A. Isquith is filing this motion within the 60-day period following publication of the April 8, 2004 notice given by plaintiff therein.

## STATEMENT OF FACTS[3]

Plaintiffs purchased shared of Vaso Active common stock during the Class Period. Defendant, Vaso Active, is an early stage company focused on commercializing, marketing and selling over-the-counter (OTC) pharmaceutical products, with a particular focus on drugs that incorporate the vaso active lipid encapsulated (VALE) transdermal delivery technology. The Company began its operations as a division of BioChemics, Inc., a biopharmaceutical company focused on the development of transdermal drug delivery systems, in January 2001. In January 2003, it became an independent subsidiary of BioChemics. Vaso Active markets Athlete's Relief and Osteon in the United States. It has begun negotiating agreements with third parties for the marketing of Osteon and Athlete's Relief in the United States and internationally. It also rebranded the deFEET athlete's foot anti-fungal medication product as Termin8.

---

[2] Smith v. Vaso Active Pharmaceuticals, Inc., et al., 04 CV 10708 (RCL) (D.Mass.)

[3] These facts are derived from the allegations contained in the class action complaint styled Dummer v. Vaso Active Pharmaceuticals, Inc., et al., 04 CV 10819 (NG) (D.Mass.).

Throughout the Class Period, defendants issued statements, press releases, and filed quarterly and annual reports with the SEC describing the Company's business operations and financial condition. These representations were materially false and misleading because they failed to disclose that throughout the Class Period, the Company knew or should have known that it was misleading the public and investors with claims to have developed a new treatment for athlete's foot. In anticipation of this, the Individual Defendants through an initial public offering and private placement raised approximately $15.5 million in proceeds.

The information concerning Vaso Active's development of a new treatment for athlete's feet was false in that the new product was a replica of an existing product. In addition, Vaso Active knew or was reckless in not knowing that its "independent" clinical trials were not independent at all. In addition, the Company knew or was reckless in not knowing that its foot cream product, Termin8, was no more a remarkably effective cure than when it was sold as deFeet. Finally, Vaso Active's allegations that the New England Medical Center conducted a trial on Termin8 and found it to be 100% effective in treating foot fungus was false, as well.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The above-captioned actions involve class action claims on behalf of all investors who purchased Vaso Active securities during the Class Period and assert essentially similar and overlapping class claims. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here, and the Actions should be consolidated.

## II. MICHAEL F. YUNGMAN AND RONNIE YOUNG SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Smith action caused notice to be published on Business Wire on April 8, 2004. See Isquith Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). See generally Groebel v. FTP Software, 939 F. Supp. 57, 64 (D.Mass. 1996).

### B. Michael F. Yungman and Ronnie Young Satisfy the "Lead Plaintiff" Requirements of the PSLRA

#### 1. Michael F. Yungman and Ronnie Young Have Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on June 7, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 12, 2003), Michael F. Yungman and Ronnie Young herein timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

Michael F. Yungman and Ronnie Young have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as a representative party on behalf of the Class. See Isquith Decl., Ex. B. In addition, Mr. Yungman and Mr. Young have selected and retained experienced and competent counsel to represent themselves and the Class. See Isquith Decl., Ex. D.

Accordingly, Mr. Yungman and Mr. Young have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and their selection of counsel, as set forth herein, considered and approved by the Court.

#### 2. Mr. Yungman and Mr. Young Have the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Mr. Yungman acquired 4,000 shares and Mr. Young 750 shares of Vaso Active common stock during the Class Period and suffered collective losses of approximately $30,400 as a result of defendants' misconduct. Mr. Yungman and Mr. Young herein have a significant financial interest in this case.

Mr. Yungman and Mr. Young herein have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock. Therefore, Mr. Yungman and Mr. Young satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    Mr. Yungman and Mr. Young Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS

11866 at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

Mr. Yungman and Mr. Young satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs. Under Rule 12(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992). See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Mr. Yungman and Mr. Young seek to represent a class of investors who purchased Vaso Active securities during the Class Period, who have identical, non-competing and non-conflicting interests. Mr. Yungman and Mr. Young satisfy the typicality requirement, because he: (i) acquired Vaso Active securities; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Mr. Yungman and Mr. Young "arise[] from the same event or course of conduct that gives rise to claims of other class members and the

claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by : (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Mr. Yungman and Mr. Young are adequate representatives of the class. As evidenced by the injury suffered by Mr. Yungman and Mr. Young, who acquired Vaso Active securities at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of Mr. Yungman and Mr. Young are clearly aligned with the members of the class, and there is no evidence of any antagonism between their interests and those of the other members of the class. In addition, as shown below, Mr. Yungman's and Mr. Young's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Yungman and Mr. Young prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

### III.  THE COURT SHOULD APPROVE MICHAEL F. YUNGMAN'S AND RONNIE YOUNG'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Mr. Yungman and Mr. Young have selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead Counsel for the Class. Wolf Haldenstein Adler Freeman & Herz LLP

has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. See Isquith Decl., Ex. D.

Because there is nothing to suggest that Mr. Yungman, Mr. Young nor their counsel will not fairly and adequately represent the Class, or that Mr. Yungman or Mr. Young is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Mr. Yungman and Mr. Young as Lead Plaintiffs and approve their selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Michael F. Yungman and Mr. Young respectfully request that the Court: (i) consolidate the actions referenced in the instant captions; (ii) appoint Michael F. Yungman and Ronnie Young as Lead Plaintiffs in the Actions; and (iii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

Dated: June 7, 2004

Respectfully submitted,

*Bruce G. Murphy*
**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy, Esq.
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (772) 231-4020

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
Fred T. Isquith, Esq.
Christopher S. Hinton, Esq.
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

345805