# EXHIBIT B

*2003 Mass. ALS 133, *; 2003 Mass. S.B. 2076*

MASSACHUSETTS ADVANCE LEGISLATIVE SERVICE



STATE NET

Copyright © 2003 by Information for Public Affairs, Inc.

MASSACHUSETTS 183RD GENERAL COURT -- 2003 REGULAR SESSION

CHAPTER 133

SENATE BILL 2076

2003 Mass. ALS 133; 2003 Mass. S.B. 2076

BILL TRACKING SUMMARY FOR THIS DOCUMENT

**SYNOPSIS:** AN ACT FACILITATING ELECTRONIC TRANSACTIONS.

-------------------------------------------------------------------------
To view the next section, type .np* TRANSMIT.
To view a specific section, transmit p* and the section number. e.g. p*1
-------------------------------------------------------------------------

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

**[*1]** SECTION 1. The fifth paragraph of section 187 of chapter 94 of the General Laws, as appearing in the 2002 Official Edition, is hereby amended by striking out the definition of "Written prescription" and inserting in place thereof the following definition: -

"Written prescription", that prescription which has been issued by a physician, dentist or veterinarian either on paper or electronically, and bears the handwritten or **electronic signature** and address of the prescriber, the date of the prescription, the name and amount of the drug prescribed, the name of the patient, directions for use, the number of times to be refilled, and any cautionary statements needed.

**[*2]** SECTION 2. Section 23 of chapter 94C of the General Laws, as so appearing, is hereby amended by striking out subsection (g) and inserting in place thereof the following subsection: -

(g) Unless otherwise prohibited by law, a prescription shall be: (1) written in ink, indelible pencil or by other means; or (2) transmitted electronically; and (3) signed by the prescriber. A prescription may be transmitted electronically with the **electronic signature** and electronic instructions of the prescriber, and shall be transmitted directly from the prescriber to the pharmacy designated by the patient without alteration of the prescription information, except that third-party intermediaries may act as conduits to route the prescription from the prescriber to the pharmacy.

**[*3]** SECTION 3. The General Laws are hereby amended by inserting after chapter 110F

the following chapter: -

CHAPTER 110G.

UNIFORM ELECTRONIC TRANSACTIONS.

Section 1. This chapter may be cited as "The Uniform Electronic Transactions Act".

Section 2. In this chapter, the following words shall have the following meanings: -

"Agreement", the bargain of the parties in fact, as found in their language or inferred from other circumstances and from rules, regulations, and procedures given the effect of agreements under laws otherwise applicable to a particular transaction.

"Automated transaction", a transaction conducted or performed, in whole or in part, by electronic means or electronic records, in which the acts or records of one or both parties are not reviewed by an individual in the ordinary course in forming a contract, performing under an existing contract, or fulfilling an obligation required by the transaction.

"Chief information officer", the chief information officer of the information technology division within the executive office for administration and finance as defined in subparagraph (d) of section 4A of chapter 7.

"Computer program", a set of statements or instructions to be used directly or indirectly in an information processing system in order to bring about a certain result.

"Contract", the total legal obligation resulting from the parties' agreement as affected by this chapter and other applicable law.

"Electronic", relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities.

"Electronic agent", a computer program or an electronic or other automated means used independently to initiate an action or respond to electronic records or performances in whole or in part, without review or action by an individual.

"Electronic record", a record created, generated, sent, communicated, received, or stored by electronic means.

"**Electronic signature**", an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record.

"Executive department", those parts of the executive branch of the commonwealth serving under the governor or within one of the executive offices headed by a secretary appointed by the governor.

"Governmental agency", an executive, legislative, or judicial agency, department, board, commission, authority, institution, or instrumentality of the federal government or a state or a county, municipality, or other political subdivision of a state.

"Information", data, text, images, sounds, codes, computer programs, software, databases or the like.

"Information processing system", an electronic system for creating, generating, sending, receiving, storing, displaying or processing information.

"Person", an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, governmental agency, public corporation or any other legal or commercial entity.

"Record", information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

"Security procedure", a procedure employed for the purpose of verifying that an **electronic signature,** record, or performance is that of a specific person or for detecting changes or errors in the information in an electronic record. The term includes a procedure that requires the use of algorithms or other codes, identifying words or numbers, encryption, or callback or other acknowledgment procedures.

"State", a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States. The term includes an Indian tribe or band, or Alaskan native village, which is recognized by federal law or formally acknowledged by a state.

"Supervisor", the supervisor of records as defined in section 1 of chapter 66.

"Transaction", an action or set of actions occurring between 2 or more persons relating to the conduct of business, commercial, or governmental affairs.

Section 3. (a) Except as otherwise provided in subsection (b), this chapter applies to electronic records and **electronic signatures** relating to a transaction.

(b) This chapter shall not apply to a transaction to the extent it is governed by:

(1) A law governing the creation and execution of wills, codicils or testamentary trusts;

(2) Chapter 106, other than sections 1-107 and 1-206, section 2 and section 2A of said chapter 106;

(3) This chapter applies to a transaction governed by the **Electronic Signatures** in Global and National Commerce Act, 15 U. S. C. section 7001 et. seq. , but is not intended to limit, modify or supersede section 101(c) of that Act, 15 U. S. C. section 7001(c). This chapter shall not apply to a signature, contract or other record, or otherwise to any transaction, to the extent it is governed by any of the laws or bodies of law indicated in the following subsection: -

(i) a statute, regulation, or other rule of law governing the creation and execution of wills, codicils, or testamentary trusts;

(ii) a state statute, regulation, or other rule of law governing adoption, divorce or other matters of family law;

(iii) court orders or notices, or official court documents, including briefs, pleadings and other writings, required to be executed in connection with court proceedings;

(iv) a statute, regulation, or other rule of law governing any notice of the cancellation or termination of utility services, including water, heat and power; or of the default, acceleration, repossession, foreclosure, or eviction, or the right to cure, under a credit agreement secured by, or a rental agreement for, a primary residence of an individual;

(v) a statute, regulation, or other rule of law governing the cancellation or termination of

health insurance or benefits or life insurance benefits, excluding annuities;

(vi) a statute, regulation, or other rule of law governing recall of a product, or material failure of a product, that risks endangering health or safety; or

(vii) any document, required by a statute, regulation, or other rule of law governing, to accompany any transportation or handling of hazardous materials, pesticides or other toxic or dangerous materials.

(c) This chapter applies to an electronic record or **electronic signature** otherwise excluded from the application of this chapter under subsection (b) to the extent it is governed by a law other than those specified in said subsection (b).

(d) A transaction subject to this chapter shall also be subject to other applicable substantive law.

Section 4. This chapter applies to any electronic record or **electronic signature** created, generated, sent, communicated, received, or stored on or after the effective date of this chapter.

Section 5. (a) This chapter does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form.

(b) This chapter applies only to transactions between parties each of which has agreed to conduct transactions by electronic means. Whether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct.

(c) A party that agrees to conduct a transaction by electronic means may refuse to conduct other transactions by electronic means. The right granted by this subsection may not be waived by agreement.

(d) Except as otherwise provided in this chapter, the effect of any of its provisions may be varied by agreement. The presence in this chapter of the words "unless otherwise agreed", or words of similar import, shall not imply that the effect of other provisions may not be varied by agreement.

(e) Whether an electronic record or **electronic signature** has legal consequences is determined by this chapter and other applicable law.

Section 6. This chapter shall be construed and applied:

(1) to facilitate electronic transactions consistent with other applicable law;

(2) to be consistent with reasonable practices concerning electronic transactions and with the continued expansion of those practices; and

(3) to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it.

Section 7. (a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.

(b) A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation.

(c) If a law requires a record to be in writing, an electronic record satisfies the law.

(d) If a law requires a signature, an **electronic signature** satisfies the law.

Section 8. (a) If parties have agreed to conduct a transaction by electronic means and a law requires a person to provide, send or deliver information in writing to another person, the requirement is satisfied if the information is provided, sent, or delivered, as the case may be, in an electronic record capable of retention by the recipient at the time of receipt. An electronic record is not capable of retention by the recipient if the sender or its information processing system inhibits the ability of the recipient to print or store the electronic record.

(b) If a law, other than this chapter, requires a record to be posted or displayed in a certain manner, to be sent, communicated, or transmitted by a specified method, or to contain information that is formatted in a certain manner, the following rules apply:

(1) The record shall be posted or displayed in the manner specified in the other law.

(2) Except as otherwise provided in subparagraph (2) of subsection (d), the record shall be sent, communicated, or transmitted by the method specified in the other law.

(3) The record shall contain the information formatted in the manner specified in the other law.

(c) If a sender inhibits the ability of a recipient to store or print an electronic record, the electronic record shall not be enforceable against the recipient.

(d) The requirements of this section may not be varied by agreement, but:

(1) to the extent a law other than this chapter requires information to be provided, sent, or delivered in writing but permits that requirement to be varied by agreement, the requirement under subsection (a) that the information be in the form of an electronic record capable of retention may also be varied by agreement; and

(2) a requirement under a law other than this chapter to send, communicate, or transmit a record by regular United States mail, may be varied by agreement to the extent permitted by the other law.

Section 9. (a) An electronic record or **electronic signature** is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or **electronic signature** was attributable.

(b) The effect of an electronic record or **electronic signature** attributed to a person under subsection (a) is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including the parties' agreement, if any, and otherwise as provided by law.

Section 10. If a change or error in an electronic record occurs in a transmission between parties to a transaction, the following rules shall apply: -

(1) If the parties have agreed to use a security procedure to detect changes or errors and one party has conformed to the procedure, but the other party has not, and the nonconforming party would have detected the change or error had that party also conformed, the conforming party may avoid the effect of the changed or erroneous electronic record.

(2) In an automated transaction involving an individual, the individual may avoid the effect of an electronic record that resulted from an error made by the individual in dealing with the electronic agent of another person if the electronic agent did not provide an opportunity for the prevention or correction of the error and, at the time the individual learns of the error, the individual:

(A) promptly notifies the other person of the error and that the individual did not intend to be bound by the electronic record received by the other person; and

(B) takes reasonable steps, including steps that conform to the other person's reasonable instructions, to return to the other person or, if instructed by the other person, to destroy the consideration received, if any, as a result of the erroneous electronic record; and

(C) has not used or received any benefit or value from the consideration, if any, received from the other person.

(3) If neither subparagraph (1) nor subparagraph (2) applies, the change or error has the effect provided by other law and the parties' contract, if any.

(4) Subparagraphs (2) and (3) may not be varied by agreement.

Section 11. If a law requires a signature or record to be notarized, acknowledged, verified, or made under oath, the requirement is satisfied if the **electronic signature** of the person authorized to perform those acts, together with all other information required to be included by other applicable law, is attached to or logically associated with the signature or record.

Section 12. (a) If a law requires that a record be retained, the requirement is satisfied by retaining an electronic record which: -

(1) accurately reflects the information set forth in the record after it was first generated in its final form as an electronic record or otherwise; and

(2) remains accessible for later reference.

(b) A requirement to retain a record in accordance with subsection (a) shall not apply to any information the sole purpose of which is to enable the record to be sent, communicated or received.

(c) A person may satisfy subsection (a) by using the services of another person if the requirements of that subsection are satisfied.

(d) If a law requires a record to be presented or retained in its original form, or provides consequences if the record is not presented or retained in its original form, that law is satisfied by an electronic record retained in accordance with subsection (a).

(e) If a law requires retention of a check, that requirement is satisfied by retention of an electronic record of the information on the front and back of the check in accordance with subsection (a).

(f) A record retained as an electronic record in accordance with subsection (a) satisfies a law requiring a person to retain a record for evidentiary, audit, or like purposes, unless a law enacted after the effective date of this chapter specifically prohibits the use of an electronic record for the specified purpose.

(g) This section shall not preclude a governmental agency of the commonwealth from

specifying additional requirements for the retention of a record subject to the agency's jurisdiction.

Section 13. In a legal proceeding, evidence of a record or signature may not be excluded solely because it is in electronic form.

Section 14. In an automated transaction, the following rules shall apply: -

(1) A contract may be formed by the interaction of electronic agents of the parties, even if no individual was aware of or reviewed the electronic agents' actions or the resulting terms and agreements.

(2) A contract may be formed by the interaction of an electronic agent and an individual, acting on the individual's own behalf or for another person, including by an interaction in which the individual performs actions that the individual is free to refuse to perform and which the individual knows or has reason to know will cause the electronic agent to complete the transaction or performance.

(3) The terms of the contract are determined by the substantive law applicable to it.

Section 15. (a) Unless otherwise agreed between the sender and the recipient, an electronic record is sent when it: -

(1) is addressed properly or otherwise directed properly to an information processing system that the recipient has designated or uses for the purpose of receiving electronic records or information of the type sent and from which the recipient is able to retrieve the electronic record;

(2) is in a form capable of being processed by that system; and

(3) enters an information processing system outside the control of the sender or of a person that sent the electronic record on behalf of the sender or enters a region of the information processing system designated or used by the recipient which is under the control of the recipient.

(b) Unless otherwise agreed between a sender and the recipient, an electronic record is received when:

(1) it enters an information processing system that the recipient has designated or uses for the purpose of receiving electronic records or information of the type sent and from which the recipient is able to retrieve the electronic record; and

(2) it is in a form capable of being processed by that system.

(c) Subsection (b) applies even if the place the information processing system is located is different from the place the electronic record is considered to be received under subsection (d).

(d) Unless otherwise expressly provided in the electronic record or agreed between the sender and the recipient, an electronic record is deemed to be sent from the sender's place of business and to be received at the recipient's place of business. For purposes of this subsection, the following rules shall apply: -

(1) If the sender or recipient has more than 1 place of business, the place of business of that person is the place having the closest relationship to the underlying transaction.

(2) If the sender or the recipient does not have a place of business, the place of business is the sender's or recipient's residence, as the case may be.

(e) An electronic record is received under subsection (b) even if no individual is aware of its receipt.

(f) Receipt of an electronic acknowledgment from an information processing system described in subsection (b) establishes that a record was received but, by itself, does not establish that the content sent corresponds to the content received.

(g) If a person is aware that an electronic record purportedly sent under subsection (a), or purportedly received under subsection (b), was not actually sent or received, the legal effect of the sending or receipt is determined by other applicable law. Except to the extent permitted by the other law, the requirements of this subsection may not be varied by agreement.

Section 16. (a) In this section, "transferable record" means an electronic record that:

(1) would be a note under section 3 of chapter 106 or a document under section 7 if the electronic record were in writing; and

(2) the issuer of the electronic record expressly has agreed is a transferable record.

(b) A person has control of a transferable record if a system employed for evidencing the transfer of interests in the transferable record reliably establishes that person as the person to which the transferable record was issued or transferred.

(c) A system satisfies subsection (b), and a person is considered to have control of a transferable record, if the transferable record is created, stored, and assigned in such a manner that: -

(1) a single authoritative copy of the transferable record exists which is unique, identifiable, and, except as otherwise provided in subparagraphs (4), (5) and (6), unalterable;

(2) the authoritative copy identifies the person asserting control as: -

(A) the person to which the transferable record was issued; or

(B) if the authoritative copy indicates that the transferable record has been transferred, the person to which the transferable record was most recently transferred;

(3) the authoritative copy is communicated to and maintained by the person asserting control or its designated custodian;

(4) copies or revisions that add or change an identified assignee of the authoritative copy can be made only with the consent of the person asserting control;

(5) each copy of the authoritative copy and any copy of a copy is readily identifiable as a copy that is not the authoritative copy; and

(6) any revision of the authoritative copy is readily identifiable as authorized or unauthorized.

(d) Except as otherwise agreed, a person having control of a transferable record is the holder, as defined in section 1-201(20) of chapter 106, of the transferable record and has the same rights and defenses as a holder of an equivalent record or writing under said chapter 106, including, if the applicable statutory requirements under section 3-302(a), 7-501, or 9-

308 of said chapter 106 are satisfied, the rights and defenses of a holder in due course, a holder to which a negotiable document of title has been duly negotiated, or a purchaser, respectively. Delivery, possession, and indorsement are not required to obtain or exercise any of the rights under this subsection.

(e) Except as otherwise agreed, an obligor under a transferable record has the same rights and defenses as an equivalent obligor under equivalent records or writings under chapter 106.

(f) If requested by a person against which enforcement is sought, the person seeking to enforce the transferable record shall provide reasonable proof that the person is in control of the transferable record. Proof may include access to the authoritative copy of the transferable record and related business records sufficient to review the terms of the transferable record and to establish the identity of the person having control of the transferable record.

Section 17. (a) The supervisor of records under section 1 of chapter 66 and clause Twenty-sixth of section 7 of chapter 4, the records conservation board under section 42 of chapter 30, and the information technology division under section 7 of chapter 4A, shall determine whether, the extent to which and the manner by which each executive department agency shall create, maintain and preserve electronic records, signatures and contracts and the method of converting paper government records to electronic format. Nothing in this chapter shall affect the existing authority of the supervisor of records, the records conservation board or the information technology division under the cited sections.

(b) The supervisor of records under section 1 of chapter 66 and clause Twenty-sixth of section 7 of chapter 4, and the records conservation board under section 42 of chapter 30, shall determine whether, the extent to which and the manner by which each government agency not in the executive department, nor in the legislative or judicial departments, shall create, maintain and preserve electronic records, signatures and contracts and the method of converting paper government records to electronic format.

Section 18. The chief information officer and the supervisor of records shall encourage and promote consistency and interoperability with other governmental agencies and nongovernmental persons. If appropriate, they may specify differing levels of standards from which governmental agencies of the commonwealth may choose in implementing the most appropriate standard for a particular application.

[*4]  SECTION 4. Section 12D of chapter 112 of the General Laws, as appearing in the 2002 Official Edition, is hereby amended by striking out the second and third paragraphs and inserting in place thereof the following 2 paragraphs: -

Every prescription issued in the commonwealth by a practitioner shall meet the standards for format established by the department. Only by signing the prescription in accordance with the standards shall the practitioner validate the prescription.

The standards shall permit the practitioner to instruct the pharmacist to dispense a brand name drug product by indicating "no substitution". The standards shall require that the indication of "no substitution" shall not be the default indication and further that the prescription indicate the "Interchange is mandated unless the practitioner indicates 'no substitution' in accordance with the law". Where the practitioner has so indicated "no substitution", the pharmacist shall dispense the exact drug product as indicated by the practitioner.

**HISTORY:**
Approved November 26, 2003

**SPONSOR:**
Senate Committee on Science and Technology

Source: Legal > States Legal - U.S. > Massachusetts > Statutes & Regulations > **MA - Massachusetts Advance Legislative Service** i
Terms: **electronic signature**  (Edit Search)
View: Full
Date/Time: Monday, June 21, 2004 - 4:42 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.