UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION ) ) | Consolidated Case No. 04-10708-RCL |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION OF THE CHOI GROUP TO BE APPOINTED LEAD PLAINTIFFS
AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
AND LIAISON COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

**SHAPIRO HABER & URMY, LLP**
Thomas G. Shapiro (BBO# 454680)
Theodore M. Hess-Mahan (BBO# 557109)
75 State Street
Boston, MA 02109
Telephone:    (617) 439-3939
Facsimile:    (617) 439-0134

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Stuart L. Berman *(pro hac vice)*
Darren J. Check *(pro hac vice)*
Sean M. Handler *(pro hac vice)*
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**Proposed Lead Counsel**

Dated: June 21, 2004

Vaso Active Pharmaceuticals, Inc. ("Vaso" or the "Company") investors Edwin Choi, Richard Cheng[1] and Joe Huback (the "Choi Group") respectfully submit this memorandum of law in further support of their motion to consolidate the related actions, appoint lead plaintiff and approve lead plaintiff's selection of lead counsel and liaison counsel, and in opposition to all competing motions for lead plaintiff submitted by: (i) Ki & Young Chae, Joseph Salmassi and Norman Brodeur (the "Chae Group"); (ii) Modhi Gude, Arji Gauthami, Scott Brook, Shel T. Diamond and Joyendu Mukherjee (collectively, the "Vaso Active Plaintiff Group"); (iii) Luz Merturi, Brenda Reinemund on behalf of Glen Reinemund, Derek Bauer, Maria Pia Hellrigl, and Hector Tarazona (collectively, the "Merturi Group"); (iv) Kourosh Alipour, Timmy Smith and Douglas Weymouth (collectively, the "Alipour Group"); (v) David B. Brody as Co-Trustee of the Brody Family Revocable Trust ("Brody"); (vi) Michael Berteletti ("Berteletti"); (vii) Bruce A. Yungman ("Yungman") and Ronnie Young ("Young); and (viii) Eduard Slinin ("Slinin").[2]

I. **PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs that courts "shall appoint as lead plaintiff **the member or members of the purported plaintiff class** that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). The PSLRA further instructs that courts shall adopt a presumption that the most adequate plaintiff is **the person or group of**

---

[1] Mr. Cheng's last name was inadvertently misspelled in the initial papers. However, as reflected by the Joint Declaration, this error has been corrected. *See* Joint Declaration in Support of The Choi Group Motion to Consolidate Actions, to Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Joint Declaration") (attached as Exhibit A).

[2] Counsel for Slinin has informed counsel for the Choi Group that its client intends to withdraw its lead plaintiff application.

**persons with the largest financial interest** and which satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).  The Choi Group suffered financial losses of approximately $339,239, representing the greatest financial interest of all movants in the outcome of this litigation.  The movant with the next-greatest financial interest, the Chae Group, has advised the Choi Group that its members recognize the Choi Group's status as the presumptive lead plaintiff and will support its motion.

In addition to having the largest financial interest, the members of the Choi Group have each executed and submitted to this Court a Joint Declaration which emphasizes their willingness to serve as lead plaintiffs, their understanding of the responsibilities attendant to that position, and their ability to work as a cohesive group.  *See* Joint Declaration at ¶¶ 1-5.  Accordingly, the Choi Group is the movant with the largest financial interest that also meets the requirements of Rule 23, and therefore is the presumptive lead plaintiff.  As the presumptive lead plaintiff, the Choi Group's motion for appointment as lead plaintiff should be granted, and its selection of lead and liaison counsel should be approved.

## II. ARGUMENT

### A. The Choi Group Group Is The Presumptive Most Adequate Plaintiff

The PSLRA directs that courts "**shall appoint** as lead plaintiff the **member or members** of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he Court shall adopt a **presumption** that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, **has the largest financial interest** in the relief sought by the class; and
>
> (cc)   otherwise **satisfies the requirements of Rule 23** of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc) (emphasis added); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

### 1.   The Choi Group Has The Largest Financial Interest In The Litigation

With $339,239 in financial losses, the Choi Group has the largest financial interest in this litigation. The losses of each movant group are as follows:

| MOVANT | CLAIMED FINANCIAL LOSSES |
|---|---|
| CHOI GROUP | $339,239 |
| CHAE GROUP | $326,902 |
| VASO ACTIVE PLAINTIFF GROUP | $247,000 |
| MERTURI GROUP | $196,323 |
| THE ALIPOUR GROUP | $69,063 |
| BERTELETTI | $50,000[3] |
| BRODY | $46,736 |
| YUNGMAN and YOUNG | $30,400 |

---

[3]   Because Mr. Berteletti did not provide a loss chart with his lead plaintiff motion, his approximate losses were taken from his memorandum in support of his application.

Thus, the Choi Group has the largest financial interest in the outcome of this litigation.

### 2.     The Choi Group Qualifies Under Rule 23

Once the Court determines which plaintiff has the greatest financial stake in the litigation, it must next determine whether *that* plaintiff has made a *prima facie* showing of typicality and adequacy under Rule 23. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("Once...the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements."). This next step in the lead plaintiff analysis is non-adversarial in nature, with the court relying on the presumptive lead plaintiff's initial filings and sworn certification. *Id.*

The standard for demonstrating typicality in this District, especially at this preliminary stage, is not very substantial. *Abelson v. Strong*, No. 85-0592-S, 1987 U.S. Dist. LEXIS 7515, at *8 (D. Mass. July 30, 1987). Rather, the plaintiff's burden in proving typicality requires that "the named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *In re Lernout*, 138 F. Supp. 2d at 46 (quoting *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)). Here, the members of the Choi Group (1) purchased or acquired Vaso securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' allegedly materially false and misleading statements and/or omissions; (3) suffered damages thereby; and (4) their claims and the claims of other Class members arise out of the same course of events. Thus, the Choi Group is typical of its fellow Class members.

Regarding adequacy, as the court in *Lernout* stated:

> To meet the adequacy requirement plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation.

*Id.* at 46.  As evidenced by the substantial losses suffered by the members of the Choi Group due to their investment in Vaso securities and reliance on the Company's allegedly false and misleading statements, their interests are clearly aligned with the rest of the Class.  Moreover, as described in the Choi Group's Joint Declaration, its members understand their responsibilities as lead plaintiffs and are confident that they can work together as a cohesive group to best represent the interests of the Class.  Last, the Choi Group's members have selected the law firm of Schiffrin & Barroway, LLP to represent them and the putative Class.  As demonstrated by its firm biography submitted previously, Schiffrin & Barroway is well-qualified to serve as lead counsel.  Thus, the Choi Group is an adequate lead plaintiff.

### B.      The Choi Group Is A Proper Group Under The PSLRA

The plain language of the PSLRA is clear and unambiguous - the court shall appoint as lead plaintiff the "**member or members**" of the class most capable of adequately representing the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (iii).  Recognizing as much, courts in this District, including this Court, have consistently appointed as lead plaintiff small, cohesive groups of plaintiffs.  *See In re Stone & Webster Sec. Litig.*, No. 00-10874-RCL (D. Mass. Aug. 8, 2000) (Lindsay, J.) (attached as Exhibit B) (Court appointed group of two investors as lead plaintiff); *Carney v. Cambridge Tech. Partners*, 135 F. Supp. 2d 235 (D. Mass. 2001) (Court appointed group of three investors as lead plaintiff); *Galileo Corp. v. Riedel, et al.*, No. 98-

12129-RCL (D. Mass. Apr. 21, 1999) (Lindsay, J.) (attached as Exhibit C) (Court appointed group of five as lead plaintiff); *In re Lernout*, 138 F. Supp. 2d at 44 (Court appointed group of three investors from three different countries as lead plaintiff finding "[t]he weight of the case law suggests that the trial court has discretion to designate . . . unrelated persons as a lead plaintiff group pursuant to 15 U.S.C. § 78u-4(a)(3)(B)"); *Miller v. Parametric Tech. Corp., et al.*, No. 03-10290, Order at 1 (D. Mass. May 20, 2003) (attached as Exhibit D) (Court appointed unrelated group of five investors as lead plaintiff); *Haddon v. Cytyc Corp., et al.*, No. 02-CV-12399-JLT (D. Mass. May 19, 2003) (Court appointed unrelated group of two investors as lead plaintiff) (attached as Exhibit E); *Guerra v. Teradyne, Inc.*, No. 01-11789, Order at 4-5 (D. Mass. Sept. 9, 2002) (attached as Exhibit F) (Court appointed unrelated group of three investors as lead plaintiff); *Howard Gunty Profit Sharing Plan v. Carematrix*, No. C.A. 99-12318-MLW, slip op. at 17-18 (D. Mass. Aug. 15, 2000) (Court appointed unrelated group of two individuals who had submitted affidavit attesting their ability to work together as lead plaintiff finding "[a]lthough [lead plaintiffs] did not have a relationship prior to the litigation, such relationship is not required and does not preclude their effectiveness as lead plaintiffs.") (attached as Exhibit G); *Greebel v. FTP Software*, 939 F. Supp. 57, 61 (D. Mass. 1996) (Court appointed unrelated group of three investors as lead plaintiff); *Nager v. Websecure, Inc.,* No. 97-10662-GAO, *et al.*, 1997 U.S. Dist. LEXIS 19601, at *4 (D. Mass. Nov. 26, 1997) (Court appointed unrelated group of ten investors as lead plaintiff). Thus, pursuant to the PSLRA and overwhelming legal precedent, the Choi Group should be appointed lead plaintiff.

### C. All Competing Motions Should Be Denied

Based on all competing motions, no other movant suffered greater financial losses than the Choi Group.  Further, only the Choi Group has provided this Court with sufficient information to assess their desire and ability to work together in a cohesive manner.  *See* Joint Declaration ¶¶ 1-5.  Thus, only the Choi Group qualifies as the presumptive most adequate plaintiff, and therefore it should be appointed as lead plaintiff.

### D. The Choi Group's Selection Of Lead Counsel And Liaison Counsel Should Be Approved By The Court

As the most adequate plaintiff, the Choi Group is entitled to select lead counsel for this action, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Lernout*, 138 F. Supp. 2d at 42 (citing same).  Here, the Choi Group has selected the law firm of Schiffrin & Barroway, LLP as lead counsel and Shapiro Haber & Urmy, LLP as liaison counsel to represent it and the Class.  These firms are both well-qualified to fulfill counsel's responsibilities on behalf of the Class.

**III.    CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court: (a) appoint the Choi Group as lead plaintiff; (b) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (c) approve Shapiro Haber & Urmy, LLP as liaison counsel for the Class.

Dated: June 21, 2004                                  Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore M. Hess-Mahan
Thomas G. Shapiro (BBO# 454680)
Theodore M. Hess-Mahan (BBO# 557109)
53 State Street
Boston, MA 02109
Telephone:     (617) 439-3939
Facsimile:      (617) 439-0134

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Stuart L. Berman *(pro hac vice)*
Darren J. Check *(pro hac vice)*
Sean M. Handler *(pro hac vice)*
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:     (610) 667-7706
Facsimile:      (610) 667-7056

**Proposed Lead Counsel**