UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
In re VASO ACTIVE PHARMACEUTICALS   )
SECURITIES LITIGATION                              )
_____)    Master Docket No. 04-10708-RCL
                                                                    )
This Document Relates To:                            )
                                                                    )
    ALL ACTIONS.                                       )
_____)

ORDER ON APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL

       The plaintiffs, Edwin Choi, Richard Ching, and Joe H. Huback have moved (Dkt. #27) for the appointment of themselves as co-lead plaintiffs and for the appointment of the Law Offices of Schiffrin & Barroway, LLP (the "Schiffrin Office") as lead counsel for the cases consolidated in the above-entitled matter (the "Consolidated Action"). The motions also seek approval of the Boston law firm of Shapiro, Haber & Urmy, LLP (the "Shapiro Firm") as liaison and local counsel. Having considered these motions and similar motions of other plaintiffs, I order the following.

       1.    Pursuant to 15 U.S.C. §78u-4(a)(3)(B), I appoint Edwin Choi, Richard Cheng, and Joe H. Huback as interim co-lead plaintiffs, pending a determination of whether the Consolidated Action may proceed as a class action.

       2.    Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v) and Fed. R. Civ. P. 23(g)(2)(A), I appoint the Schiffrin Office as lead counsel, pending a determination of whether the Consolidated Action may proceed as a class action. I also approve the selection of the Boston law firm of the Shapiro Firm as local counsel for the lead plaintiffs.

       3.    Lead counsel shall be responsible for the following matters, on behalf of the

plaintiffs: (a) the coordination of the preparation, filing and service of all pleadings; (b) the coordination of the briefing and arguing of any motions; (c) the coordination of discovery, including the examination of witnesses in depositions; (d) the selection of counsel to act as spokespersons at all pretrial conferences and hearings before the court; (e) the coordination of all settlement negotiations with counsel for the defendants; (f) the coordination of the preparation for trial and the trial of this matter; and (g) the supervision of all other matters concerning the prosecution or resolution of the Consolidated Action.  Lead counsel may delegate to other plaintiffs' counsel such parts of the foregoing responsibilities as lead counsel may deem appropriate.

No paper may be filed with the court or served on any defendant by a plaintiff without approval of lead counsel.  No settlement negotiations shall be conducted by any plaintiff without the approval of lead counsel.

4. All counsel for plaintiffs in the Consolidated Action must submit to lead counsel detailed time reports reflecting hours of work expended by each attorney, his/her billing rate and the subject matter of the work.  Time reports must be submitted on a quarterly basis, with the first report due not later than one month following entry of this order.  Such reports must be made for each subsequent quarter thereafter on a schedule to be determined by lead counsel.  The failure of counsel for any plaintiff to submit such reports in timely manner may result in the disallowance of such unreported time from reimbursement from any common fund which may be created in the Consolidated Action.

5. All papers filed with the court must be filed electronically in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

District of Massachusetts ("Local Rules") and the rules and procedures outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing ("ECF") User's Manual.  In the case of the filing of any electronic document constituting, supporting or opposing a dispositive motion or a discovery motion, the filing party must also deliver to the office of the clerk of this court, by mail or otherwise, a paper, courtesy copy, of such document.[*] The courtesy copy of each such document must be stamped or otherwise prominently marked as follows: "Courtesy Copy - **Do Not Scan,**" and must be delivered to the office of the clerk within three business days following the electronic filing.

      6.      All counsel in the Consolidated Action, who have not previously done so, forthwith must register with the court to receive and file documents in electronic form in accordance with the court's ECF system.  Counsel who are not members of the bar of the District of Massachusetts, but who have been permitted to participate in this case pro hac vice need not register as described in the preceding sentence, so long as each such counsel has local counsel who has appeared in this case and is registered with the court's ECF system (local counsel for the local plaintiffs will serve, of course, as local counsel for all plaintiffs).

      Service of papers on all plaintiffs may be made by serving local counsel for the plaintiff (and thus lead counsel) electronically, in accordance with the Federal Rules of Civil Procedure, the Local Rules and the court's ECF system as outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing User's Manual.

---

[*] For purposes of this order the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion for preliminary relief (including a motion for attachment for real or personal property) and a motion for the entry of judgment.  The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

7.      Co-lead plaintiffs must file a consolidated amended complaint in this Consolidated Action not later than thirty days from the date of this order.  A response by the defendants to such complaint must be filed not later than thirty days from the filing of the consolidated, amended complaint.

8.      The motions of Michael Berteletti (Dkt. #14); the Chea Group (Dkt. #16); the Vaso Active Plaintiff Group (Dkt. ##17 and 22); David Brody (Dkt. #36); and the Yungman Group (Dkt. #40) for appointment of lead plaintiffs and lead counsel are hereby DENIED.

8.      This order supersedes any order that is in conflict with it and entered in the Consolidated Action or in any of the individual cases constituting the Consolidated Action.

SO ORDERED.

 /s/ REGINALD C. LINDSAY
United States District Judge

DATED:  November 4, 2004