UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 04-10708-RCL |

**ANSWER OF DEFENDANT STEPHEN G. CARTER TO THE
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendant Stephen G. Carter ("Defendant"), by and through his undersigned counsel, hereby answers the allegations of the Consolidated Amended Class Action Complaint ("Complaint") and asserts his affirmative defenses.

No response is required to the unnumbered introductory paragraph, which purports to describe or construe the allegations in the Complaint. To the extent a response is required, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph.

The Defendant denies the allegations in the headings of the Complaint.

1.      No response is required to the allegations in paragraph 1, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, the Defendant denies the allegations in paragraph 1.

2.      No response is required to the allegations in paragraph 2, which purport to describe or construe unidentified statements and filings of Vaso Active Pharmaceuticals ("Vaso" or "Company").

3.      No response is required to the allegations in paragraph 3, which purport to describe or construe a Company registration statement.

4.      The Defendant admits that the Company raised over approximately $8.3 million in gross proceeds and approximately $6.4 million in net proceeds in an initial public offering of stock priced at $5.00 per share.  The Defendant denies the remaining allegations contained in paragraph 4.

5.      The Defendant denies the allegations contained in paragraph 5.

6.      No response is required to the allegations in paragraph 6 to the extent they purport to state legal conclusions.  To the extent a response is required, the Defendant denies the allegations in paragraph 6.  The Defendant denies the remaining allegations contained in paragraph 6.

7.      The Defendant admits that trading in the Company's shares was suspended on April 1, 2004 and otherwise denies the remaining allegations in the first sentence of paragraph 7. No response is required to the second sentence of paragraph 7, which purports to describe or construe unidentified statements by the Company.  The Defendant admits that the Company voluntarily ceased the marketing and sale of certain products and otherwise denies the remaining allegations in the third sentence of paragraph 7.

8.      The Defendant admits that on April 2, 2004 Nasdaq notified Vaso that it had commenced an inquiry concerning the Company.  The Defendant further admits that the

Company voluntarily chose to have its shares removed from Nasdaq effective April 8, 2004.

The Defendant denies the remaining allegations contained in paragraph 8.

9.      The Defendant admits that the Securities and Exchange Commission ("SEC")

filed a complaint against the Company and John J. Masiz ("Masiz") on August 17, 2004.  No

response is required to the remaining allegations contained in paragraph 9, which purport to

describe or construe the SEC Complaint.

10.      The Defendant admits that the Company and Masiz settled with the SEC and that

the Company amended, revised and replaced its Form 10-KSB for the year ended December 31,

2003.  The Defendant denies the remaining allegations in paragraph 10.

11.      No response is required to the allegations in the first two sentences of paragraph

11, which purport to describe or construe the Company's Form 10-KSB/A.  To the extent a

response is required to the allegations in those two sentences, the Defendant denies them.  The

Defendant denies the remaining allegations in paragraph 11.

12.      The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 12.

13.      The Defendant denies the allegations in paragraph 13.

14.      No response is required to the allegations in paragraph 14, which purport to

describe or construe the allegations in the Complaint and purport to state legal conclusions.  To

the extent a response is required, the Defendant denies the allegations in paragraph 14.

15.      No response is required to the allegations in paragraph 15, which purport to state

legal conclusions.

16.     No response is required to the allegations in the first sentence of paragraph 16, which purport to state legal conclusions.  The Defendant admits that Vaso maintains its corporate headquarters in this District and otherwise denies the remaining allegations in paragraph 16.

17.     The Defendant denies the allegations in paragraph 17.

18.     The Defendant denies the allegations in paragraph 18 regarding the plaintiffs' purported damage and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     The Defendant denies the allegations in paragraph 19 regarding the plaintiffs' purported damage and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The Defendant admits the allegations in paragraph 20.

21.     The Defendant admits that Masiz served as Vaso's President, CEO, and Chairman, and the President, CEO, and Chairman of BioChemics.  The Defendant admits that BioChemics owned 4,500,000 shares of Vaso's Class B common stock, representing approximately 70% of the combined voting power of the outstanding common stock of the Company.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "[a]t all relevant times."  The Defendant denies the remaining allegations in paragraph 21.

22.     The Defendant admits that Stephen G. Carter has served as Vaso's Chief Scientific Officer ("CSO") and director, and served as CSO and as a director of BioChemics. The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "[a]t all relevant times."  The Defendant denies the remaining allegations contained in paragraph 22.

23.     The Defendant admits that Joseph F. Frattaroli has served as Vaso's Chief Financial Officer and Secretary.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 23.

24.     The Defendant admits that Bruce A. Shear served as a director of Vaso.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 24.

25.     The Defendant admits that Gary Fromm was a director of Vaso.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 25.

26.     The Defendant admits that Brian J. Strasnick was a director of Vaso.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 26.

27.     The Defendant admits that William P. Adams was a director of Vaso.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 27.

28.     The Defendant admits that Robert E. Anderson was a director of Vaso.  The Defendant lacks knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times."  The Defendant denies the remaining allegations in paragraph 28.

29.     No response is required to the allegations in paragraph 29, which purport to describe or construe the allegations in the Complaint.

30.     No response is required to the allegations in paragraph 30, which purport to describe or construe the allegations in the Complaint.

31.     The Defendant denies the allegations in paragraph 31.

32.     The Defendant denies the allegations in paragraph 32.

33.     The Defendant denies the allegations in paragraph 33.

34.     The Defendant denies the allegations in paragraph 34.

35.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35.  The Defendant denies the allegations in the third sentence of paragraph 35.  The Defendant admits the remaining allegations in paragraph 35.

36.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     No response is required to the allegations in paragraph 37, which purport to describe or construe unidentified Company statements.

38.     No response is required to the allegations in paragraph 38, which purport to describe or construe a Company registration statement.

39.     No response is required to the allegations in paragraph 39, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.  To the extent a response is required, the Defendant denies the allegations in paragraph 39.

40.     The Defendant admits the allegations in paragraph 40.

41.     The Defendant denies the allegations in paragraph 41.

42.     No response is required to the allegations in paragraph 42, which purport to describe or construe a Company registration statement.  To the extent a response is required, the Defendant denies the allegations in paragraph 42.

43.     The Defendant denies the allegations in paragraph 43.

44.     The Defendant denies the allegations in paragraph 44.

45.     The Defendant denies the allegations in paragraph 45.

46.     The Defendant denies the allegations in paragraph 46.

47.     The Defendant admits the Company filed a Form 10-KSB on March 26, 2004. No response is required to the remaining allegations in paragraph 47, which purport to describe or construe the Form 10-KSB.

48.     No response is required to the allegations in paragraph 48 to the extent they purport to describe or construe the Form 10-KSB.  To the extent a response is required, the Defendant denies the allegations in paragraph 48.

49.     No response is required to the allegations in paragraph 49 to the extent they purport to describe or construe the Form 10-KSB.  To the extent a response is required, the Defendant denies the allegations in paragraph 49.

50.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     The Defendant admits the allegations in paragraph 52.

53.     The Defendant admits that the Company issued a press release on April 7, 2004.

No response is required to the remaining allegations in paragraph 53, which purport to describe

or construe the press release.

54.     The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 54.

55.     The Defendant admits that the SEC filed a complaint against the Company and

Masiz on August 17, 2004.  No response is required to the remaining allegations in paragraph 55,

which purport to describe or construe the SEC Complaint.

56.     The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 56.

57.     The Defendant admits that the Company filed a Form 10-KSB/A on July 21,

2004.  No response is required to the remaining allegations in paragraph 57 to the extent they

purport to describe or construe the Form 10-KSB/A.  The Defendant denies the remaining

allegations in paragraph 57.

58.     The Defendant denies the allegations contained in paragraph 58.

59.     The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 59.

60.     The Defendant denies the allegations in the first sentence of paragraph 60.  No

response is required to the allegations in the second, third, and fourth sentences of paragraph 60

(including footnote 2), which purport to describe or construe the Company's proxy statement

filed with the SEC on March 26, 2004.  The Defendant denies the allegations in the final

sentence of paragraph 60.

61.     The Defendant denies the allegations in the first sentence of paragraph 61.  The

Defendant admits that the Company issued a press release on March 17, 2004.  No response is

required to the remaining allegations in paragraph 61, which purport to describe or construe the

press release.

62.     The Defendant denies the allegations in paragraph 62.

63.     The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 63.

64.     No response is required to the allegations in the first and second sentence of

paragraph 64, which purport to describe or construe a February 9, 2004 press release.  The

Defendant denies the remaining allegations in paragraph 64.

65.     The Defendant lacks knowledge or information sufficient to form a belief as to

the use of the expression "at all relevant times."  The Defendant denies the remaining allegations

in paragraph 65.

a.      The Defendant admits that the Company's common stock was listed on

Nasdaq and met the requirements for listing.  The Defendant denies the remaining allegations in

subparagraph 65a.

b.      The Defendant admits that the Company filed periodic reports with the

SEC and issued press releases.  The Defendant denies the remaining allegations in subparagraph

65b.

c.      The Defendant denies the allegations in subparagraph 65c.

d.      The Defendant is without knowledge or information sufficient to form a

belief as to the truth regarding the knowledge of the plaintiffs and the members of the purported

class.  The Defendant otherwise denies the allegations in subparagraph 65d.

66.     The Defendant denies the allegations in paragraph 66.

67.     No response is required to the allegations in paragraph 67, which purport to describe or construe the allegations in the Complaint.  To the extent a response is required, the Defendant denies the allegations in paragraph 67.

68.     The Defendant admits that the common stock of the Company traded on Nasdaq. The Defendant is without knowledge or information sufficient to form a belief as to the truth of what plaintiffs "believe."  No response is required to the remaining allegations in paragraph 68, which purport to characterize the allegations in the Complaint.  To the extent a response is required, the Defendant denies the remaining allegations in paragraph 68.

69.     The Defendant denies the allegations in paragraph 69.

70.     The Defendant denies the allegations in paragraph 70.

71.     The Defendant denies the allegations in paragraph 71.

72.     The Defendant denies the allegations in paragraphs 72, 72a, 72b, 72c, 72d, 72e, and 72f.

73.     The Defendant repeats and realleges his responses to paragraphs 1 through 72 as if set forth fully herein.  No other response is required to the allegations in paragraph 73, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.

74.     No response is required to the allegations in paragraph 74, which purport to describe or construe the allegations in the Complaint.

75.     The Defendant denies the allegations in paragraph 75.

76.     No response is required to the allegations in paragraph 76, which purport to state legal conclusions.  To the extent a response is required, the Defendant denies the allegations in paragraph 76.

77.     The Defendant denies the allegations in paragraph 77.

78.     The Defendant denies the allegations in paragraph 78.

79.     The Defendant denies the allegations in paragraph 79.

80.     The Defendant denies the allegations in paragraph 80.

81.     The Defendant denies the allegations in paragraph 81.

82.     The Defendant denies the allegations in paragraph 82.

83.     The Defendant is without knowledge or information sufficient to form a belief as to what plaintiffs knew.  The Defendant denies the remaining allegations in paragraph 83.

84.     The Defendant repeats and realleges his responses to paragraphs 1 through 83 as if set forth fully herein.  No other response is required to the allegations in paragraph 84, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.

85.     No response is required to the allegations in paragraph 85, which purport to describe or construe the allegations in the Complaint.

86.     The Defendant denies the allegations in paragraph 86.

87.     The Defendant denies the allegations in paragraph 87.

88.     The Defendant repeats and realleges his responses to paragraphs 1 through 87 as if set forth fully herein.

89.     No response is required to the allegations in paragraph 89, which purport to describe or construe the allegations in the Complaint.

90.    The Defendant denies the allegations in paragraph 90.

91.    The Defendant denies the allegations in paragraph 91.

92.    The Defendant denies the allegations in paragraph 92.

93.    The Defendant denies the allegations in paragraph 93.

94.    The Defendant denies the allegations in paragraph 94.

95.    The Defendant denies the allegations in paragraph 95.

96.    The Defendant repeats and realleges his responses to paragraphs 1 through 95 as if set forth fully herein.

97.    No response is required to the allegations in paragraph 97, which purport to describe or construe the allegations in the Complaint.

98.    The Defendant denies the allegations in paragraph 98.

99.    The Defendant denies the allegations in paragraph 99.

100.    The Defendant denies the allegations in paragraph 100.

101.    The Defendant denies that the plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant denies making any misrepresentations or omissions alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Defendant had no duty to disclose any allegedly omitted information.

## FOURTH AFFIRMATIVE DEFENSE

If any alleged misrepresentation or omission occurred, which the Defendant denies, it was not material as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Company's public statements and filings with the SEC bespoke caution by warning of the risks relating to investment in Vaso securities.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant did not act with scienter.

## SEVENTH AFFIRMATIVE DEFENSE

Neither the named plaintiffs nor any member of the purported class relied upon or was mislead by any of the statements made by the Defendant as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs lack standing to assert the claims in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

No part of the statements attributed to the Defendant in the Complaint affected the market for or the price of any security of Vaso in any respect that harmed the named plaintiffs or any member of the purported class.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk that the price of the Company's stock might fall, and, therefore, they may not recover under their claims, in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise due care in their purchase of Vaso stock, and thus, their claims are barred in whole or in part by their comparative and contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

If plaintiffs suffered cognizable damages, which the Defendant denies, those damages resulted from causes other than any alleged act or omission by the Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant exercised reasonable due diligence and acted in good faith in connection with the statements allegedly issued by the Company.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant is not a controlling person with the meaning of Section 15 of the Securities Act because he acted in good faith and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Securities Act or any rule or regulation promulgated thereunder.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant is not a controlling person with the meaning of Section 20(a) of the Exchange Act because he acted in good faith and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Exchange Act or any rule or regulation promulgated thereunder.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to comply with Federal Rule of Civil Procedure 9(b).

## SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiffs suffered damages, which the Defendant denies, the plaintiffs failed to mitigate their damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs did not rely on the market price of the Company's stock in making a decision to purchase such stock, which did not trade in an efficient market at all times during the putative class period.

## NINETEENTH AFFIRMATIVE DEFENSE

If any statement for which the Defendant was allegedly responsible was false or misleading, which the Defendant denies, they had no knowledge that this was the case.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendant complied faithfully with all duties of disclosure to which he was subject and breached no duty of disclosure applicable to them.

The Defendant reserves his right to assert any additional affirmative defenses, that the proceedings may hereafter reveal to be appropriate.

WHEREFORE, the Defendant respectfully requests that the Court:

(1)      Award the Defendant his reasonable attorneys fees, costs, and expenses incurred

in the defense of this action; and

(2)      Award the Defendant whatever further and additional relief this Court deems fair

and just.

Respectfully submitted,

STEPHEN G. CARTER,

By his attorneys,

   /s/ Kay B. Lee
 John A. Sten (BBO# 629577)
 Kay B. Lee (BBO# 647224)
 GREENBERG TRAURIG, LLP
 One International Place, 20th Floor
 Boston, MA  02110
Dated:  January 20, 2005       (617) 310-6000

## CERTIFICATE OF SERVICE

      I, Kay B. Lee, hereby state that on January 20, 2005, I caused to be served by hand a true and correct copy of the foregoing upon all counsel of record.


                        /s/ Kay B. Lee
                        Kay B. Lee


bos-srv01\156735v01