UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 04-10708-RCL |

**ANSWER OF VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH F. FRATTAROLI, BRUCE A. SHEAR, GARY FROMM, BRIAN J. STRASNICK, WILLIAM P. ADAMS AND ROBERT E. ANDERSON TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, the defendants Vaso Active Pharmaceuticals, Inc. ("Vaso" or "Company"), John J. Masiz, Joseph F. Frattaroli, Bruce A. Shear, Gary Fromm, Brian J. Strasnick, William P. Adams, and Robert E. Anderson (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the allegations of the Consolidated Amended Class Action Complaint ("Complaint") and assert their affirmative defenses.[1]

No response is required to the unnumbered introductory paragraph, which purports to describe or construe the allegations in the Complaint. To the extent a response is required, Defendants deny the allegations in the introductory paragraph.

Defendants deny the allegations in the headings of the Complaint.

---

[1] Defendants Stephen G. Carter and Kashner Davidson Securities Corporation are submitting separate answers.

1.     No response is required to the allegations in paragraph 1, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.     No response is required to the allegations in paragraph 2, which purport to describe or construe unidentified statements and filings of the Company.

3.     No response is required to the allegations in paragraph 3, which purport to describe or construe a Company registration statement.

4.     Defendants admit that the Company raised over approximately $8.3 million in gross proceeds and approximately $6.4 million in net proceeds in an initial public offering of stock priced at $5.00 per share. Defendants deny the remaining allegations contained in paragraph 4.

5.     Defendants deny the allegations contained in paragraph 5.

6.     No response is required to the allegations in paragraph 6 to the extent they purport to state legal conclusions. Defendants deny the remaining allegations contained in paragraph 6.

7.     Defendants admit that trading in the Company's shares was suspended on April 1, 2004 and otherwise deny the remaining allegations in the first sentence of paragraph 7. No response is required to the second sentence of paragraph 7, which purports to describe or construe unidentified statements by the Company. Defendants admit that the Company voluntarily ceased the marketing and sale of certain products and otherwise deny the remaining allegations in the third sentence of paragraph 7.

8.     Defendants admit that on April 2, 2004 Nasdaq notified Vaso that it had commenced an inquiry concerning the Company. Defendants further admit that the Company

voluntarily chose to have its shares removed from Nasdaq effective April 8, 2004. Defendants deny the remaining allegations contained in paragraph 8.

9.      Defendants admit that the Securities and Exchange Commission ("SEC") filed a complaint against Vaso and John J. Masiz on August 17, 2004. No response is required to the remaining allegations contained in paragraph 9, which purport to describe or construe the SEC Complaint.

10.      Defendants admit that the Company and John J. Masiz settled with the SEC and that the Company amended, revised and replaced its Form 10-KSB for the year ended December 31, 2003. Defendants deny the remaining allegations in paragraph 10.

11.      No response is required to the allegations in the first two sentences of paragraph 11, which purport to describe or construe the Company's Form 10-KSB/A. To the extent a response is required to the allegations in those two sentences, Defendants deny them. Defendants deny the remaining allegations in paragraph 11.

12.      Defendants admit that the closing price for the Company's stock was $7.59 per share on March 31, 2004 and $1.75 per share on April 16, 2004. Defendants deny the remaining allegations in paragraph 12.

13.      Defendants deny the allegations in paragraph 13.

14.      No response is required to the allegations in paragraph 14, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.      No response is required to the allegations in paragraph 15, which purport to state legal conclusions.

16.     No response is required to the allegations in the first sentence of paragraph 16, which purport to state legal conclusions.  Defendants admit that Vaso maintains its corporate headquarters in this District and deny the remaining allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     Defendants deny the allegations in paragraph 18 regarding Plaintiffs' purported damage and otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     Defendants deny the allegations in paragraph 19 regarding Plaintiffs' purported damage and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants admit that John J. Masiz ("Masiz") served as Vaso's President, CEO, and Chairman, and the President, CEO, and Chairman of BioChemics.  Defendants admit that BioChemics owned 4,500,000 shares of Vaso's Class B common stock, representing approximately 70% of the combined voting power of the outstanding common stock of the Company.  Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "[a]t all relevant times."  Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that Stephen G. Carter has served as Vaso's Chief Scientific Officer ("CSO") and director, and served as CSO and as a director of BioChemics.  Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "[a]t all relevant times."  Defendants deny the remaining allegations contained in paragraph 22.

23.    Defendants admit that Joseph F. Frattaroli has served as Vaso's Chief Financial Officer and Secretary. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 23.

24.    Defendants admit that Bruce A. Shear served as a director of Vaso. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 24.

25.    Defendants admit that Gary Fromm was a director of Vaso. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 25.

26.    Defendants admit that Brian J. Strasnick was a director of Vaso. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 26.

27.    Defendants admit that William P. Adams was a director of Vaso. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 27.

28.    Defendants admit that Robert E. Anderson was a director of Vaso. Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 28.

29.    No response is required to the allegations in paragraph 29, which purport to describe or construe the allegations in the Complaint.

30.    No response is required to the allegations in paragraph 30, which purport to describe or construe the allegations in the Complaint.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35. Defendants deny the allegations in the third sentence of paragraph 35. Defendants admit the remaining allegations in paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     No response is required to the allegations in paragraph 37, which purport to describe or construe unidentified Company statements.

38.     No response is required to the allegations in paragraph 38, which purport to describe or construe a Company registration statement.

39.     No response is required to the allegations in paragraph 39, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     No response is required to the allegations in paragraph 42, which purport to describe or construe a Company registration statement. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants admit the Company filed a Form 10-KSB on March 26, 2004.  No response is required to the remaining allegations in paragraph 47, which purport to describe or construe the Form 10-KSB.

48.     No response is required to the allegations in paragraph 48 to the extent they purport to describe or construe the Form 10-KSB.  To the extent a response is required, Defendants deny the allegations in paragraph 48.

49.     No response is required to the allegations in paragraph 49 to the extent they purport to describe or construe the Form 10-KSB.  To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.     Defendants admit that Vaso held a conference call on March 26, 2004.  No other response is required to the allegations in the first and second sentences of paragraph 50, which purport to describe or construe statements made on the conference call.  Defendants deny the remaining allegations in paragraph 50.

51.     Defendants admit that the stock price closed at $7.46 per share on March 26, 2004 and at $7.59 per share on March 31, 2004.  Defendants deny the remaining allegations in paragraph 51.

52.     Defendants admit the allegations in paragraph 52.

53.     Defendants admit that the Company issued a press release on April 7, 2004.  No response is required to the remaining allegations in paragraph 53, which purport to describe or construe the press release.

54.    Defendants admit that the stock price closed at $1.75 on April 16, 2004. Defendants deny the remaining allegations in paragraph 54.

55.    Defendants admit that the SEC filed a complaint against the Company and John J. Masiz on August 17, 2004.  No response is required to the remaining allegations in paragraph 55, which purport to describe or construe the SEC Complaint.

56.    No response is required to the allegations in paragraph 56, which purport to describe or construe an August 27, 2004 announcement by the Company.

57.    Defendants admit that the Company filed a Form 10-KSB/A on July 21, 2004. No response is required to the allegations in paragraph 57 to the extent they purport to describe or construe the Form 10-KSB/A.  Defendants deny the remaining allegations in paragraph 57.

58.    Defendants deny the allegations contained in paragraph 58.

59.    Defendants admit that an interview with John J. Masiz was published on March 8, 2004.  No response is required to the allegations in paragraph 59 to the extent they purport to describe or construe the March 8, 2004 interview.  Defendants deny the remaining allegations in paragraph 59.

60.    Defendants deny the allegations in the first sentence of paragraph 60.  No response is required to the allegations in the second, third and fourth sentences of paragraph 60 (including footnote 2), which purport to describe or construe the Company's proxy statement filed with the SEC on March 26, 2004.  Defendants deny the allegations in the final sentence of paragraph 60.

61.    Defendants deny the allegations in the first sentence of paragraph 61.  Defendants admit that the Company issued a press release on March 17, 2004.  No response is required to the remaining allegations in paragraph 61, which purport to describe or construe the press release.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in the first sentence of paragraph 63. No response is required to the allegations in the second and third sentences of paragraph 63, which purport to describe or construe a marketing agreement between Vaso and Commotion, LLC. Defendants admit that the stock price closed at $2.01 on December 31, 2003 and $6.50 on February 13, 2004 and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

64.    No response is required to the allegations in the first and second sentence of paragraph 64, which purport to describe or construe a February 9, 2004 press release. Defendants deny the remaining allegations in paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief as to the use of the expression "at all relevant times." Defendants deny the remaining allegations in paragraph 65.

        a.    Defendants admit that the Company's common stock was listed on Nasdaq and met the requirements for listing. Defendants deny the remaining allegations in subparagraph 65a.

        b.    Defendants admit that the Company filed periodic reports with the SEC and issued press releases. Defendants deny the remaining allegations in subparagraph 65b.

        c.    Defendants deny the allegations in subparagraph 65c.

        d.    Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the knowledge of Plaintiffs and the members of the purported class. Defendants otherwise deny the allegations in subparagraph 65d.

66.    Defendants deny the allegations in paragraph 66.

67.    No response is required to the allegations in paragraph 67, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 67.

68.    Defendants admit that the common stock of the Company traded on Nasdaq. Defendants are without knowledge or information sufficient to form a belief as to the truth of what Plaintiffs "believe." No response is required to the remaining allegations in paragraph 68, which purport to characterize the allegations in the Complaint. To the extent a response is required, Defendants deny the remaining allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraphs 72, 72a, 72b, 72c, 72d, 72e, and 72f.

73.    Defendants repeat and reallege their responses to paragraphs 1 through 72 as if set forth fully herein. No other response is required to the allegations in paragraph 73, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.

74.    No response is required to the allegations in paragraph 74, which purport to describe or construe the allegations in the Complaint.

75.    Defendants deny the allegations in paragraph 75.

76.    No response is required to the allegations in paragraph 76, which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants are without knowledge or information sufficient to form a belief as to what plaintiffs knew.  Defendants deny the remaining allegations in paragraph 83.

84.     Defendants repeat and reallege their responses to paragraphs 1 through 83 as if set forth fully herein.  No other response is required to the allegations in paragraph 84, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.

85.     No response is required to the allegations in paragraph 85, which purport to describe or construe the allegations in the Complaint.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants repeat and reallege their responses to paragraphs 1 through 87 as if set forth fully herein.

89.     No response is required to the allegations in paragraph 89, which purport to describe or construe the allegations in the Complaint.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants repeat and reallege their responses to paragraphs 1 through 95 as if set forth fully herein.

97.     No response is required to the allegations in paragraph 97, which purport to describe or construe the allegations in the Complaint.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny that Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants deny making any misrepresentations or omissions alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendants had no duty to disclose any allegedly omitted information.

## FOURTH AFFIRMATIVE DEFENSE

If any alleged misrepresentation or omission occurred, which Defendants deny, it was not material as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Company's public statements and filings with the SEC bespoke caution by warning of the risks relating to investment in Vaso securities.

## SIXTH AFFIRMATIVE DEFENSE

Defendants did not act with scienter.

## SEVENTH AFFIRMATIVE DEFENSE

Neither the named plaintiffs nor any member of the purported class relied upon or was misled by any of the statements made by any Defendants as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

No part of the statements attributed to any Defendants in the Complaint affected the market for or the price of any security of Vaso in any respect that harmed the named Plaintiffs or any member of the purported class.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk that the price of the Company's stock might fall, and, therefore, they may not recover under their claims, in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise due care in their purchase of Vaso stock, and thus, their claims are barred in whole or in part by their comparative and contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered cognizable damages, which Defendants deny, those damages resulted from causes other than any alleged act or omission by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable due diligence and acted in good faith in connection with the statements allegedly issued by the Company.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant John J. Masiz is not a controlling person with the meaning of Section 15 of the Securities Act because he acted in good faith and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Securities Act or any rule or regulation promulgated thereunder.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant John J. Masiz is not a controlling person with the meaning of Section 20(a) of the Exchange Act because he acted in good faith and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Exchange Act or any rule or regulation promulgated thereunder.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to comply with Federal Rule of Civil Procedure 9(b).

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered damages, which Defendants deny, Plaintiffs failed to mitigate their damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not rely on the market price of the Company's stock in making a decision to purchase such stock, which did not trade in an efficient market at all times during the putative class period.

## NINETEENTH AFFIRMATIVE DEFENSE

If any statement for which Defendants were allegedly responsible was false or misleading, which Defendants deny, they had no knowledge that this was the case.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants complied faithfully with all duties of disclosure to which they were subject and breached no duty of disclosure applicable to them.

Defendants reserve their right to assert any additional affirmative defenses that the proceedings may hereafter reveal to be appropriate.

WHEREFORE, Defendants respectfully request that the Court:

(1)    Award Defendants their reasonable attorneys fees, costs, and expenses incurred in the defense of this action; and

(2)    Award Defendants whatever further and additional relief this Court deems fair and just.

Respectfully Submitted

VASO ACTIVE PHARMACEUTICALS, INC.,
JOHN J. MASIZ, JOSEPH F. FRATTAROLI,
BRUCE A. SHEAR, GARY FROMM, BRIAN J.
STRASNICK, WILLIAM P. ADAMS AND
ROBERT E. ANDERSON

By their attorneys,

/s/ Michael G. Bongiorno
Jeffrey B. Rudman (BBO #433380)
Michael G. Bongiorno (BBO #558748)
Jay Holtmeier (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Richard S. Kraut
Dilworth Paxson LLP
1818 N Street NW, Suite 400
Washington, DC  20036
(202) 452-0900

*Co-Counsel*

Dated:  January 20, 2005

## CERTIFICATE OF SERVICE

   I, Michael G. Bongiorno, hereby certify that a true copy of the above document was served via first class mail this 20th day of January, 2005 upon all counsel of record.


           /s/ Michael G. Bongiorno
           Michael G. Bongiorno