UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FILED
IN CLERKS OFFICE
```

------------------------------------------------------------

IN RE VASO ACTIVE PHARMACEUTICALS )   Civil Action No. 04-10708-RCL
SECURITIES LITIGATION                )

------------------------------------------------------------

This Document Relates To:            )   **DEFENDANT KASHNER**
    ALL ACTIONS        )   **DAVIDSON SECURITIES**
                                     )   **CORPORATION'S ANSWER**

------------------------------------------------------------

       Defendant Kashner Davidson Securities Corporation ("KDSC"), by and through its

undersigned counsel, as and for its Answer to the Amended Class Action Complaint (the

"Complaint"), states as follows:

## NATURE OF THE ACTION

       No response is required to the unnumbered introductory paragraph, which purports to

describe or construe the allegations in the Complaint. To the extent a response is required,

KDSC is without knowledge or information sufficient to form a belief as to the truth of the

allegations in the introductory paragraph.

       1.     Paragraph 1 of the Complaint contains no factual allegations to either admit or

deny.

       2.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Complaint, and refers the Court to the documents

referenced therein for the full and complete contents thereof.

       3.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the Complaint, and refers the Court to the referenced

document which speaks for itself.

       4.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 of the Complaint, except admits that Vaso Active

Pharmaceuticals, Inc. ("Vaso") conducted an initial public offering at an offering price of $5.00 per share.

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that U.S. Securities and Exchange Commission (the "SEC") suspended trading in Vaso Active Pharmaceuticals, Inc.'s ("Vaso") stock on or about April 1, 2004.

8.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that Vaso's securities were delisted from the Nasdaq effective April 8, 2004.

9.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that the SEC filed a complaint against Vaso and defendant Masiz, and respectfully refers the Court to the document identified therein for the contents thereof.

10.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that Vaso and defendant Masiz reached a settlement with the SEC, and respectfully refers the Court to the document identified therein for the contents thereof.

11.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and respectfully refers the Court to the document identified therein for the contents thereof.

12.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint.

## JURSIDICTION AND VENUE

14.    Paragraph 14 of the Complaint contains no factual allegations to either admit or deny.

15.    Paragraph 15 of the Complaint contains no factual allegations to either admit or deny.

16.    Denies the allegations contained in paragraph 16 of the Complaint, except admit that Vaso's principal executive offices are located in this District.

17.    Admits the allegations contained in paragraph 17.

## THE PARTIES

18.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

19.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

20.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits that Vaso is a Delaware

corporation with its headquarters and executive offices located in Danvers, Massachusetts and, during the Class Period, traded on the Nasdaq under the ticker symbol "VAPH."

21.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits that Defendant Masiz was Vaso's President, CEO, and Chairman, and the President, CEO, and Chairman of BioChemics, Vaso's parent Company and principal shareholder.

22.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, refers the Court to the referenced document which speaks for itself, and admits that Defendant Stephen G. Carter was Vaso and BioChemics's Chief Scientific Officer ("CSO") and a director.

23.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, refers the Court to the referenced document which speaks for itself, and admits that Defendant Joseph Frattaroli was Vaso's Chief Financial Officer and Secretary.

24.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, refers the Court to the referenced document which speaks for itself, and except admits that Defendant Bruce A. Shear was a director of Vaso.

25.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, refers the Court to the referenced document which speaks for itself, and except admits that Defendant Gary Fromm, Ph.D. was a director of Vaso.

4

26.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, refers the Court to the referenced document which speaks for itself, and except admits that Defendant Brian J. Strasnick, Ph.D. was a director of Vaso.

27.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, refers the Court to the referenced document which speaks for itself, and except admits that Defendant William P. Adams, M.D. was a director of Vaso.

28.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, refers the Court to the referenced document which speaks for itself, and except admits that Defendant Robert E. Anderson was a director of Vaso.

29.    Paragraph 29 of the Complain contains no factual allegations to either admit or deny.

30.    Paragraph 30 of the Complaint contains no factual allegations to either admit or deny.

31.    Paragraph 31 of the Complaint contains no factual allegations to either admit or deny.

32.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.    Denies the allegations contained in paragraph 35 of the Complaint, except admits that it is a brokerage and investment banking firm with its principal office in Sarasota, Florida, was the lead underwriter for the initial public offering and received, or was to receive, the compensation set forth in Vaso's Prospectus.

36.    Denies the allegations contained in paragraph 36 of the Complaint, except admits it conducted a "due diligence investigation" and had a duty to promptly disseminate truthful and accurate information with respect to Vaso and its affairs.

## SUBSTANTIVE ALLEGATIONS

### BACKGROUND

37.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

### SECURITIES ACT CLAIMS

39.    Paragraph 39 of the Complaint contains no factual allegations to either admit or deny.

40.    Admits the allegations contained in paragraph 40 of the Complaint.

41.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

6

## False and Misleading Statements in the Registration Statement

42.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

43.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

44.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

45.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

## EXCHANGE ACT CLAIMS

46.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

48.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

49.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and respectfully refers the Court to the documents referenced therein for the contents thereof.

50.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

## POST CLASS PERIOD DISCLOSURES

52.    Admits the allegations contained in paragraph 52 of the Complaint.

53.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

54.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint

55.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

56.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, except admits that Vaso and defendant Masiz reached a settlement with the SEC and respectfully refers the Court to the document referenced therein for the contents thereof.

57.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

## ADDITIONAL SCIENTER ALLEGATIONS

58.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

60.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

61.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

62.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

64.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and refers the Court to the referenced document which speaks for itself.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

65.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint except admit the allegation contained in subpart (a) thereof that Vaso was listed on Nasdaq.

66.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

## CLASS ACTION ALLEGATIONS

67.    Paragraph 67 of the Complaint contains no factual allegations to either admit or deny.

68.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admits that Vaso traded on the Nasdaq.

69.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

## COUNT I
## [Against Defendants for Violations of Section 11 of the Securities Act]

73.    Repeats and realleges each and every response above, as if fully set forth herein.

74.    Paragraph 74 of the Complaint contains no factual allegations to either admit or deny.

75.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

76.    Denies the allegations contained in paragraph 76 of the Complaint, except admits that Vaso was the registration for the initial public offering and KDSC was the lead underwriter of the initial public offering.

77.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78.    Denies the allegations contained in paragraph 78 of the Complaint.

79.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

80.    Denies the allegations contained in paragraph 80 of the Complaint with respect to KDSC and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein.

81.    Denies the allegations contained in paragraph 81 of the Complaint with respect to KDSC and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein.

82.    Denies the allegations contained paragraph 82 of the Complaint.

83.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

## COUNT II
### [Against Defendants Masiz and Carter
### for Violations of Section 15 of the Securities Act]

84.    Repeats and realleges each and every response above, as if fully set forth herein.

85.    Paragraph 85 of the Complaint does not contain any factual allegations to either admit or deny.

86.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

## COUNT III
### [Against Defendants Vaso, Masiz, and Carter for Violations
### of Section 10(b) of the Exchange Act]

88.    Repeats and realleges each and every response above, as if fully set forth herein.

89.    Paragraph 89 of the Complaint does not contain any factual allegations to either admit or deny.

90.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

## COUNT IV
### [Against Defendants Masiz and Carter for Violations of Section 20(a) of the Exchange Act]

96.     Repeats and realleges each and every response above, as if fully set forth herein.

97.     Paragraph 97 of the Complaint does not contain any factual allegations to either admit or deny.

98.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101.    The Complaint fails to state a claim against KDSC upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102.    Plaintiffs' losses are the result of market forces and not the result of any alleged misstatements in the Registration Statement.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103.    KDSC conducted a reasonable and prudent investigation into the statements made in the Registration Statement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

104.    KDSC had reasonable grounds to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105.    Any damages sustained by Plaintiffs were the results of intervening acts of other defendants, such as the press releases referenced in the Complaint, and are not traceable to the Registration Statement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106.    KDSC is entitled to contribution from the other named defendants, who are alleged to be primary violators of the securities laws.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107.    KDSC was only one of several underwriters to the initial public offering, and pursuant to 15 U.S.C. § 77k(e), is not liable for an damages in excess of the total price of the securities actually underwritten by it and distributed to the public offered in the offering.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

108.    KDSC did not make any misrepresentation or omission alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

109.    KDSC did not have a duty to disclose any alleged omitted information.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

110.    If any alleged misrepresentation or omission occurred, which KDSC denies, it was not material as a matter of law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

111.    Neither the named plaintiffs nor any member of the purported class relied upon or was mislead by any of the statements made by Defendants as alleged in the Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

112.    No part of the statements attributable to the Defendants in the Complaint affected the market for or the price of any security of Vaso in any respect that harmed the named plaintiffs or any member o the purported class.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

113.    Plaintiffs assumed the risk that the price of Vaso's stock might fall, and, therefore, they may not recover under their claims, in whole or in part.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

114.    Plaintiffs failed to exercise due care in their purchase of Vaso stock, and thus, their claims are barred in whole or in part by their comparative and contributory negligence.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

115.    If plaintiffs suffered cognizable damages, which KDSC denies, those damages resulted from causes other than any alleged act or omission by KDSC.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

116.    The Complaint fails to comply with Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

117.    If the plaintiffs suffered damages, which KDSC denies, the plaintiffs failed to mitigate their damages.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

118.    Plaintiffs did not rely on the market price of Vaso's stock in making a decision to purchase such stock.


KDSC reserves its right to assert any additional affirmative defenses, which the discovery proceedings may hereafter reveal to be appropriate.

**WHEREFORE,** KDSC respectfully requests that the Court dismiss the Complaint in its entirety; award it its reasonable attorneys' fees, costs and expenses incurred in the defense of this action, and grant such other and further relief as this Court deems just and proper.

Dated: January 20, 2005

Respectfully submitted,

Howard M. Smith
NEWMAN & SMITH
One Gateway Center
Newton, Massachusetts 02458
(617) 965-9697
BBO # 468880
Attorneys for Defendant
Kashner Davidson Securities Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by mail on January 20, 2005.

Howard M. Smith