UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION | ) ) ) ) Master Docket No. 04-10708 (RCL) |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) |

ORDER GRANTING PRELIMINARY APPROVAL TO CLASS SETTLEMENT

WHEREAS, this class action (the "Action") is pending before the Court, and

WHEREAS, the Plaintiffs have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order granting preliminary approval to the Settlement of the Action in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") dated September 21, 2005, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action against Defendants with prejudice; and the Court having reviewed the Stipulation and its attached Exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies this action to proceed as a class action for purposes of effectuating this Settlement, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following "Class": (i) All persons and entities who purchased or otherwise acquired Vaso Class A common stock on the open market during the period December 9, 2003 through March 31, 2004 (the "Class Period"); and/or (ii) all persons and entities who purchased or otherwise acquired shares of Vaso Class A common stock in connection with the Company's initial public offering on or about December 9, 2003 (the "IPO") (the "Class" and,

with respect to individual members of the Class, "Class Members"). Excluded from the Class are Defendants, the officers and directors of the Company, members of Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any putative Class Members who timely and validly request exclusion from the Class pursuant to the Joint Notice of Proposed Class Action and Derivative Settlements, Application for Attorneys' Fees and Settlement Fairness Hearings ("Notice") to be sent to the Class.

3.  For purposes of the settlement only, the Court hereby appoints the Lead Plaintiffs, Edwin Choi, Richard Cheng and Joe Huback, as the representatives of the Class and appoints Lead Counsel, Schiffrin & Barroway, LLP, as counsel for the Class.

4.  With respect to the Class, this Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

5.  The Court preliminarily approves: (1) the settlement of the Action as set forth in the Stipulation and (2) the proposed Plan of Allocation described in the Notice, subject to the right

of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, the proposed Plan of Allocation or the fairness and adequacy of their representation by Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

6. The Court approves as to form and content, and for distribution to Class Members, the Notice substantially in the form of Exhibit A-1 hereto; for distribution to Class Members, a Proof of Claim and Release ("Proof of Claim") in the form of Exhibit A-2 hereto; and for publication of a Summary Notice of Proposed Settlement of Class Action and Derivative Actions ("Summary Notice") in the form of Exhibit A-3 hereto.

7. Pending resolution of these settlement proceedings, Lead Plaintiffs and all other potential Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any actions or proceedings asserting any Released Claims against the Defendants.

8. Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

9. Lead Counsel is hereby authorized to retain the firm of the A.B. Data, Ltd. ("A.B. Data") as Claims Administrator to supervise and administer the notice and claims procedure process.

10. The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose shares of Vaso Class A common stock are held by banks, brokerage firms, or other nominees. Vaso shall provide within three (3) days of the execution of this Order the information from its transfer records required by the Claims

Administrator to send Notice to the Persons who can be identified through those same records. The Claims Administrator shall send the Notice and the Proof of Claim by first class mail to all persons and entities who appear on the transfer records of Vaso as having transferred to their names Vaso Class A common stock during the period from December 9, 2003 through March 31, 2004. The mailing of the Notice and Proof of Claim forms shall commence on or before October 24, 2005 (the "Notice Date").

11. Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) days prior to the Final Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

12. Within twenty (20) days of the Notice Date, Lead Counsel shall publish a Summary Notice substantially in the form of Exhibit A-3 hereto once in *Investor's Business Daily* and over the *PR Newswire*. Lead Counsel shall file with the Court and serve upon Defendants' counsel no

later than seven (7) days prior to the Final Settlement Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

13. The Court finds that dissemination of the Notice and Proof of Claim in the manner required by ¶¶ 10-11, and publication of the Summary Notice in the manner required by ¶ 12, constitute the best notice practicable under the circumstances to Class Members and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and any other applicable law and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14. Any Person falling within the definition of the Class may, upon request, be excluded from the Settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than Nov. 30, 2005. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases, acquisitions and sales of Vaso Class A common stock made during the Class Period or in the IPO, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase or sale, and that the Person seeks to be excluded as to all shares forming the basis of that Person's status as a Class Member; and (3) that the Person wishes to be excluded from the Class. The Claims Administrator shall notify Lead Counsel and counsel for Vaso by facsimile or email within one day of receipt of any request(s) for exclusion. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Order.

15. Any Class Member who objects to the settlement of the Action, the proposed Plan of Allocation, the adequacy of representation by Lead Counsel or the application of counsel for attorneys' fees, costs, and expenses, shall have a right to appear and be heard at the Final Settlement Hearing. Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense or may appear on his, her, or its own. However, no Class Member or his, her or its counsel, shall be heard at the Final Settlement Hearing unless, on or before NOV 30, 2005 such Person has filed with the Court a written notice of objection, and the grounds for opposing the Settlement, Plan of Allocation, or application for attorneys' fees, costs and expenses, along with proof of membership in the Class which proof shall include the number of shares of Vaso Class A common stock purchased, acquired, and sold during the Class Period, and delivered a copy to counsel listed on the Notice. The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Settlement Hearing unless the Court orders otherwise.

16. The Court authorizes payment out of the Settlement Fund of the expenses described in ¶ 6(b) of the Stipulation.

17. A Final Settlement Hearing will be held on December 14, 2005, at 3:00 p.m. before this Court to determine whether the proposed settlement of the Action as set forth in the Stipulation should be approved as fair, reasonable and adequate as to each of the parties, and whether the Final Judgment and Order approving the Settlement should be entered. The Court may adjourn or continue the Final Settlement Hearing without further notice to Class Members.

18. At the Final Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation of the Net Settlement Fund should be approved.

19. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

21. At the Final Settlement Hearing, the Court will determine whether the application of Lead Counsel for an award of attorneys' fees, costs, and expenses should be approved.

22. Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than __Nov. 30__, 2005. Such deadline may be further extended by Court Order. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proof of Claim forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Claims against the Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other

respects be subject to and bound by the provisions of the Stipulation, the Final Judgment and Order, and any other order entered in this Action.

23. Neither Defendants, Released Parties, nor Defendants' Counsel shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel and it will be considered separately from the fairness, reasonableness and adequacy of the settlement.

24. No later than seven (7) days before the Settlement Hearing, all briefs supporting the Settlement, the Plan of Allocation, and the request for attorneys' fees and costs, shall be served and filed.

25. The Stipulation, whether or not consummated, and any negotiations, proceedings or findings taken pursuant to it:

(a) Shall not be offered or received against the Defendants, the Released Parties, or counsel to any of them as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Defendants with respect to any fact or issue whatsoever, including any claim of the existence of a class, alleged by Lead Plaintiffs, the validity of any claim that had been or could have been asserted in the Action or in any litigation, the truth of any fact alleged, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) Shall not be offered or received against the Defendants, the Released Parties, Lead Plaintiffs, the Class, or counsel to any of them as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, the Lead Plaintiffs or the Class;

(c) Shall not be offered or received against the Defendants, the Released Parties, the Lead Plaintiffs, the Class, or counsel to any of them, as evidence of a presumption,

concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them under the Stipulation and any Orders of this Court;

(d) Shall not be construed against the Defendants, the Released Parties, the Lead Plaintiffs, the Class, or counsel to any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and,

(e) Shall not be construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiffs, the Class, any Class Member, or counsel to any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund;

(f) Shall not be construed as or received in evidence as an admission, concession or presumption against the Defendants, the Released Parties, or counsel to any of them that Lead Plaintiffs or the Class have suffered any damage or that the consideration to be given under the Stipulation represents the amount of any judgment that would have been awarded to Lead Plaintiffs or the Class after a trial; and

(g) Shall not be construed against the Defendants, the Released Parties, the Lead Plaintiffs or the Class as an admission or concession that any alleged class exists or should be subject to certification under Rule 23 of the Federal Rules of Civil Procedure.

26. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

28. If : (a) the Settlement is terminated by Defendants pursuant to ¶¶ 38 and 41 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants' Counsel elects to terminate the Settlement as provided in ¶ 41 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed on June 1, 2005.

DATED: Oct 4, 2005

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE