## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS FASANO, Individually and on Behalf of All Others Similarly Situated, | X ) Consolidated Civil Case No. ) 1:03cv1743 (JGK) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CAMINUS CORPORATION, DAVID STONER, JOHN ANDRUS and JOSEPH DWYER | ) ) ) |
| Defendants. | ) ) |
| | X |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter is before the Court on the Parties' proposed class action settlement. The proposed settlement encompasses the following cases pending before the Court:

*Fasano v. Caminus Corp.*, 03 cv 1743 and

*Gilliam v. Caminus*, 03 cv 3044

(collectively the "Actions"). The Actions have been consolidated for all purposes under the caption *Fasano v. Caminus Corp.*, Civil Action No. 1:03 – cv – 01743 (JGK) (the "Consolidated Action"). The Actions and the Consolidated Action are referred to collectively as the "Consolidated Actions" or the "Litigation."

The Parties have submitted a Stipulation and Agreement of Settlement dated June 6, 2005 (the "Stipulation") that, together with the exhibits accompanying the Stipulation, sets forth the terms

and conditions for a settlement and dismissal of the Litigation with prejudice. Having read and considered the Stipulation (the defined terms of which are incorporated herein) and the exhibits annexed thereto and having conducted a Settlement Hearing pursuant to this Court's order dated June 29, 2005 (the "Notice Order"), and the Parties having applied for approval of the Settlement as set forth in the Stipulation, and due and adequate notice having been given to the Settlement Class, it is ORDERED and ADJUDGED as follows:

1.    The Court has jurisdiction over the subject matter of the Consolidated Actions and over all parties to the Consolidated Actions, including all Settlement Class Members.

2.    The Notice of the Settlement and of other matters set forth therein given to the Settlement Class pursuant to the Notice Order was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable efforts, as well as valid, due, and sufficient notice to all persons entitled thereto, and complied fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, the PSLRA and any other applicable law.

3.    This Court approves the Settlement of the Litigation on the terms and conditions provided for in the Stipulation, finds that the Settlement is, in all respects, fair, reasonable, and adequate, that it confers substantial benefits on the Settlement Class, and that it is in the best interests of the Settlement Class, and therefore, directs that it be effectuated in accordance with its terms and provisions.

4.    Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court finally certifies the following Settlement Class for settlement purposes only:

2

All persons who purchased or acquired shares of Caminus Corporation common stock between February 12, 2002 and July 8, 2002, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class Members").

5.    Excluded from the Settlement Class are Defendants, the officers and directors of Caminus Corporation, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Notice Order and the Notice sent to the members of the Settlement Class (identified in Exhibit A hereto, if any).

6.    Lead Plaintiff, The Wright Group, is appointed the Settlement Class Representative.

7.    For settlement purposes only, the Court expressly finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are numerous questions of law and fact common to all members of the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the members of the Settlement Class; (d) Lead Plaintiff will fairly and adequately protect the interests of the members of the Settlement Class; (e) Lead Plaintiff's Counsel are qualified to represent the Settlement Class; (f) common questions of law and/or fact predominate over any such questions that may affect Settlement Class Members individually; and (g) a class action is superior to all other available methods for the fair and efficient adjudication of the Litigation.

8.    The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants.

9.     As used in this Final Judgment and Order of Dismissal, the terms "Released Claims" "Released Defendants' Claims" and "Released Parties" shall have the meanings specified below:

(a)     "Released Claims" means any and all claims, rights, demands, causes of actions, suits, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been, might have been, or could be asserted at any time against any Defendant (and/or any Defendant's former and present parents, subsidiaries, affiliates, shareholders, directors, officers, employees, agents, representatives, accountants, attorneys, insurers, investment bankers, spouses, heirs, executors, administrators, beneficiaries, predecessors, successors (including but not limited to Sungard and Sungard Data Systems, Inc.) and assigns) by any member of the Settlement Class, in any capacity, in the Litigation or in any court of competent jurisdiction, which arise out of or relate in any way to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Litigation; and (b) any purchase, sale or other disposition of ownership of Caminus common stock by Defendants.

(b)     "Released Defendants' Claims" means any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that have been or could have been asserted in the Litigation or in any forum by the Defendants or any of them or by their successors and assigns or any of them against the Lead Plaintiff, Settlement Class Members, or their attorneys, which arise out of or relate directly to the institution, prosecution, or settlement of the Litigation (except for claims to enforce the Settlement).

4

(c)    "Released Parties" means Defendants and each of its or their respective past or present heirs, spouses, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, officers, partners, principals, members, attorneys, financial and other advisors, accountants, investment bankers, underwriters, lenders, other representatives of any of the Defendants, or any person acting on its or their behalf.

10.    Except as to any individual claim of those persons who have valid and timely requested exclusion from the Class (identified in Exhibit A hereto, if any), the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Settlement Class Members, as against each and all of the Released Parties.

*No person has requested Therefore*

11.    Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have fully, finally and forever released, relinquished and discharged all Released Claims, whether or not such Settlement Class Member executed and delivers the Proof of Claim and Release.

12.    Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have fully, finally and forever released, relinquished and discharged all Released Defendants' Claims.

13.    Lead Plaintiff and each Settlement Class Member are barred forever from commencing or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the

5

Released Parties, and each of them, any of the Released Claims.

14.    To the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A), the Released Parties are hereby discharged from all obligations to the Settlement Class or any Settlement Class Member and all claims for contribution by any Person, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby bars all claims for contribution: (a) by any Person against the Released Parties; and (b) by the Released Parties against any Person, other than a Person whose liability to the Settlement Class or any Settlement Class Member has been extinguished by the Settlement.   Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any Person in connection with or arising out of the Released Claims shall be reduced by the greater of (*i*) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Settlement Class or the Settlement Class Member or (*ii*) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member in connection with this Settlement.

15.    Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Lead Plaintiff (or Plaintiffs' Counsel) or the validity of any claim that had

been or could have been asserted in the Litigation or in any litigation, or the infirmity of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)    offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiff and the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class;

(c)    offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d)    construed against the Defendants or the Lead Plaintiff and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

7

16.    The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

17.    The Court finds that all parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

18.    The Court finds that Plaintiffs' Lead Counsels' request for attorneys' fees is reasonable, and that the request is supported by the relevant factors, which have been considered by this Court. The Court finds that the fee request is supported by:

(a)    the Settlement provides for a $1.9 million cash fund that has been accruing interest since __July__ 2005 (the "Settlement Fund"); and that Settlement Class Members who file timely and valid claims will benefit from the Settlement created by Lead Plaintiff's Counsel;

(b)    the Summary Notice was published in *Investor's Business Daily* and over the *PR NewsWire*; and over __7,848__ copies of the Notice were disseminated to putative Settlement Class Members indicating that at the __Oct. 7__, 2005 hearing, Plaintiffs' Counsel intended to seek up to __20__ % of the $1.9 million Gross Settlement Fund (plus interest) in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $__60,000__, plus interest, as required by the Court, and no objection was filed against either the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiff's Counsel;

(c)    Plaintiff's counsel have devoted over __850__ hours, with a lodestar value of $__340,608.40__ to achieve the Settlement;

8

(d)    Plaintiffs faced complex factual and legal issues in this Action, which they have actively prosecuted since March 13, 2003, and in the absence of a Settlement, would be required to overcome many complex factual and legal issues;

(e)    if Plaintiffs' Counsel had not achieved the Settlement, there was a risk either of nonpayment or of achieving a smaller recovery;

(f)    Plaintiff's Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(g)    the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with the awards in similar cases; and

(h)    public policy considerations support encouraging the legal community to continue to undertake similar litigations.

19.    Plaintiffs' Counsel are hereby awarded 25 % of the Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $ 22,492.17 in reimbursement of expenses from the Settlement Fund, together with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The above amounts shall be paid to Lead Plaintiffs' Counsel pursuant to the terms of the Stipulation, from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Litigation.

20.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment and Order of Dismissal, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund to the members of the Settlement Class.

21.    No Authorized Claimant shall have any claim against Lead Plaintiff's Counsel, the Claims Administrator or other agent designated by Lead Plaintiff's Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against Defendants, Defendants' Counsel or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Settlement Class Members.

22.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:    _10/7_, 2005

BY THE COURT:

JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

10

SCANNED
DATE: 11/18/04
BY: M.P.

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 NOV 15  P 4: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| IN RE: NX NETWORKS SECURITIES LITIGATION (Rees Plaintiffs) | Civil Action No. 00-CV-11850 - JLT |
| ROY WERBOWSKI, LOUIS FURRIER, JOHN MARIANI, JOHN P. RAMAGE and PAT VARIANO, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 01-CV-10377 - JLT |
| NX NETWORKS, INC., STEVEN T. FRANCESCO AND PETER KENDRICK, | |
| Defendants. | |

## ORDER AND FINAL JUDGMENT

On the **22** day of **NOV** 2004, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 10, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants in the Complaints now pending in this Court under the above captions, including the release of Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaints on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Lead Plaintiffs' Counsel fees and reimbursement of

expenses incurred directly in connection with their representation of the Class during the prosecution

of the litigation. The Court having considered all matters submitted to it at the hearing and

otherwise; and it appearing that a notice of the hearing substantially in the form approved by the

Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise

acquired the common stock of Nx Networks, Inc., formerly known as Netrix Corporation, between

December 8, 1999 and April 24, 2000, inclusive, or between July 27, 2000 and November 2, 2000,

inclusive (the "Class Periods"), except those persons or entities excluded from the definition of the

Class, as shown by certain records of Nx Networks' transfer agent, at the respective addresses set

forth in such records, and that a summary notice of the hearing substantially in the form approved by

the Court was published in the national edition of The Wall Street Journal pursuant to the

specifications of the Court; and the Court having considered and determined the fairness and

reasonableness of the award of attorneys' fees and expenses awards requested; and all capitalized

terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Actions, the Lead

Plaintiffs, all Class Members, and Defendants.

2.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23

(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and fact common

to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they

seek to represent; (d) the Class Representatives have and will fairly and adequately represent the

interests of the Class; (e) the questions of law and fact common to the members of the Class

2

predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Nx Networks, Inc., formerly known as Netrix Corporation, between December 8, 1999 and April 24, 2000, inclusive, and between July 27, 2000 and November 2, 2000, inclusive. Excluded from the Class are Nx Networks, its subsidiaries and affiliates, and its officers and directors, and members of their immediate families, the Defendants, members of the immediate families of each of the Defendants, any entities in which any of the Defendants have a controlling interest, and the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any of the Defendants. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the

3

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement of $6,300,000 in cash is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    The Complaints, which the Court finds were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendants.

7.    Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Settled Claims against any of the Released Parties, including both known claims and Unknown Claims, whether class or individual in nature. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.    Defendants hereby release any claims, both known and unknown, against Lead Plaintiffs, Lead Plaintiffs' Counsel, and Counsel of Record arising from the Actions.

9.    The Court hereby permanently bars and enjoins any other person or entity who may be jointly and severally liable to Lead Plaintiffs and/or the Class (or any person or entity other than any of the Released Parties) from asserting any action over (including any claim

4

arising out of the Complaints or any other pleadings filed in the Actions, or any claim for

contribution or equitable indemnity, by which such person or entity attempts to recover losses

arising out of claims made by Lead Plaintiffs on behalf of themselves or any member of the

Class) against any of the Defendants  or the Released Parties.

10.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and

provisions, nor any of the negotiations or proceedings connected with it, nor any of the

documents or statements referred to therein shall be:

(a)    offered or received against Defendants in any civil, criminal or

administrative action or proceeding as evidence of or construed as or deemed to be evidence of

any presumption, concession, or admission by any of Defendants with respect to the truth of any

fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been

asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could

have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or

wrongdoing of Defendants;

(b)    offered or received against Defendants in any civil, criminal or

administrative action or proceeding as evidence of a presumption, concession or admission of

any fault, misrepresentation or omission with respect to any statement or written document

approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of

any infirmity in the claims of Lead Plaintiffs and the Class;

(c)    offered or received against Defendants or against Lead Plaintiffs or the

Class as evidence of a presumption, concession or admission with respect to any liability,

negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of

5

the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them thereunder;

(d)    construed against Defendants or Lead Plaintiffs and the Class in any civil, criminal or administrative action or proceeding as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence in any civil, criminal or administrative action or proceeding as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.    The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Lead Plaintiffs' Counsel are hereby awarded the sum of $ *2, 100, 00* , *33 1/3* % of the Settlement Fund, in fees, which the Court finds to be fair and reasonable, which amounts shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns interest.  The award of attorneys' fees shall be allocated among

6

Plaintiffs' Counsel in a fashion, which in the opinion of Lead Plaintiffs' Counsel, fairly

compensates Plaintiffs' Counsel based upon the work performed at the request of Lead Plaintiffs'

Counsel and the contribution in the prosecution of the Actions.

14.     Lead Plaintiffs' Counsel are further awarded $ *184,783.20* as

reimbursement for their reasonable out-of-pocket expenses incurred in the prosecution of these

Actions, to be paid out of the Settlement Fund.

15.     Lead Plaintiffs are hereby awarded the sum of $ *37,558* to be paid out of

the Settlement Fund for reasonable costs and expenses directly relating to their representation of

the Class, which the Court finds to be fair and reasonable.  Lead Plaintiffs' Counsel shall allocate

this sum among Lead Plaintiffs in accordance with costs and expenses directly relating to the

Lead Plaintiffs' representation of the Class.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members

for all matters relating to the Actions, including the administration, interpretation, effectuation or

enforcement of the Stipulation and this Order and Final Judgment, and including any application

for fees and expenses incurred in connection with administering and distributing the settlement

proceeds to the members of the Class.

17.     Without further order of the Court, the Parties may agree to reasonable extensions

of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the

Federal Rules of Civil Procedure.

Dated: Boston, Massachusetts

11/22/04

_____
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE SEGUE SOFTWARE, INC.
SECURITIES LITIGATION

C.A. 99-10891-RGS

## ORDER AND FINAL JUDGMENT

On July 26, 2000, this Court dismissed with prejudice Plaintiffs' Consolidated Amended

Class Action Complaint. Plaintiffs appealed to the United States Court of Appeals for the First

Circuit. On December 22, 2000, the parties jointly moved to remand the case to this Court for the

limited purpose of approving settlement. The Court of Appeals granted that motion on February 16,

2001.

On the 30th day of July, 2001, a hearing was held before this Court to determine: (1) whether

the terms and conditions of the Stipulation and Agreement of Settlement dated April 13, 2001 (the

"Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class

against the Defendants in the Complaint now pending in this Court under the above caption,

including the release of the Defendants and the Released Parties, and should be approved; (2)

whether final judgment should be entered dismissing the Complaint on the merits and with prejudice

in favor of the Defendants and as against all persons or entities who are members of the Class herein

who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the Settlement proceeds among the members of the Class; and (4)

whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it

appearing that a notice of the hearing substantially in the form approved by the Court was mailed to

all persons or entities reasonably identifiable, who purchased the common stock of Segue Software,

Inc. ("Segue") during the period July 14, 1998 through April 9, 1999, inclusive (the "Class Period"),

except those persons and entities excluded from the definition of the Class, as shown by the records

of Segue's transfer agent, at the respective addresses set forth in such records, and that a summary

notice of the hearing substantially in the form approved by the Court was published on May 23,

2001, in the national edition of <u>Investors Business Daily</u> pursuant to the specifications of the Court;

and that as of July 30, 2001, plaintiffs' counsel have received only one request for exclusion from

the Class, which is annexed hereto as Exhibit A; and the Court having considered and determined

the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all

capitalized terms used herein having the meaning as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs and all

members of the Class, and the Defendants.

2.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3)

of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Class members

is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law

and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims

of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately

represent the interest of the Class; (e) the questions of law and fact common to the members of the

Class predominate over any questions affecting only individual members of the Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Segue during the Class Period. Excluded from the Class are Defendants, the officers and directors of Segue during the Class Period, members of their immediate families (spouses, parents, siblings and children), their legal representatives, heirs, successors, predecessors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who timely requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the Settlement and its terms and conditions met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Stipulation and the Settlement provided for therein are approved as fair, reasonable and adequate, and the Class members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

6.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs.

7.    Plaintiffs and the other members of the Class and the heirs, executors, administrators, representatives successors, assigns, agents, affiliates and partners of any of them and any person they

represent, are hereby permanently barred and enjoined from bringing instituting, commencing or prosecuting, either directly or in any other capacity, any claims, rights or causes of action or liabilities whatsoever, whether known or unknown, accrued or unaccrued, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, that have been or could have been asserted in any forum by the Class members or any of them or the heirs, executors, administrators, representatives, successors, assigns, agents, affiliates and partners of any of them, whether directly, indirectly, representatively or in any capacity, against any of the Released Parties (as defined below) which arise out of or relate in any way to the purchase of shares of Segue common stock during the Class Period or the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that were or could have been asserted in the Action (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, agents, employees, attorneys, advisors, investment advisors, underwriters, auditors, insurers, accountants family members and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest, or assigns of any of the Defendants (the "Released Parties"). "Released Parties" does not include securities brokers, brokerage firms or investment advisors to any members of the Class. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.    The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in

any other capacity, any Settled Defendants' Claims (as defined in the Stipulation) against any of the Plaintiffs, Class members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.      Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)      offered or received against the Defendants or against the Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by any of the Plaintiffs or the Class with respect to the truth of any allegation by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)      offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)      offered or received against the Defendants or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to and rely upon the Stipulation to effectuate the liability protection granted them thereunder;

(d)    construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

10.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.    Plaintiffs' Counsel are hereby awarded the sum of $ 415,470 fees, which sum the Court finds to be fair and reasonable, and $ 45,000 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13.    Exclusive jurisdiction is hereby retained over the parties and the Class members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

14.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Signed this **31st** day of _July_____, 2001.

_Richard G. Stearns_

UNITED STATES DISTRICT JUDGE

"FILED IN OPEN CO
4 - 2 5 - c ,
2G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE SUMMIT TECHNOLOGY          )
SECURITIES LITIGATION            )
_____)          Civil Action No. 96-11589-JLT
                                 )
THIS DOCUMENT RELATED TO:        )
                                 )
ALL ACTIONS                      )
                                 )
_____)

## FINAL ORDER AND JUDGMENT AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND COMPENSATORY AWARDS

The Court having held the Settlement Hearing on April 25, 2001 and having

considered all prior proceedings in the Litigation and all submissions made in connection

with the proposed Settlement;

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED that:

1.      The Court has jurisdiction over the subject matter of the Litigation and

over all parties to the Litigation, including all Class members.

2.      Plaintiffs' Lead Counsel are awarded the sum of $ *Three Million Three Hundred Thousand dollars*

in fees, equivalent to __33__% of the Settlement Fund. This fee shall be awarded as

provided in the Settlement Agreement together with interest earned on the Settlement

Fund from the date of the deposit to the date of payment. Plaintiffs' Lead Counsel shall

in their sole discretion, allocate the award of attorneys' fees to all Plaintiffs' Classes

Counsel in the amounts Plaintiffs' Lead Counsel deems appropriate based upon the work

performed and contribution made to the Litigation of the action by the non-lead counsel.

3.    Plaintiffs' Lead Counsel are further awarded $ _____ as

reimbursement for their reasonable out-of-pocket expenses incurred in the prosecution of

this Litigation, to be paid out of the Settlement Fund.

4.    Lead Plaintiffs Peter and Gloria Babigian, Scott Burke, Joseph Conzola

and the Teachers' Retirement System of Louisiana and Class Plaintiffs G.O. Morphew

and William E. Myers shall receive $ _____, collectively for undertaking

representation of the Classes, and for assistance provided to Plaintiffs' Lead Counsel in

the course of the litigation.  The monies awarded to each of these Lead Plaintiffs and

Class Plaintiffs shall be in addition to each of their proportionate shares of the Settlement

Fund.

5.    The foregoing awards of fees and expenses shall be paid out of the

Settlement Fund and distributed at the times and in the manner provided in the Settlement

Agreement.

6.    Without affecting the finality of this Final Order and Judgment, the Court

hereby retains exclusive jurisdiction over the Litigation and the parties to the Settlement

for all matters related to this Litigation, including the administration, interpretation,

effectuation or enforcement of the Settlement Agreement and this Judgment, and

including any application for fees and expenses incurred in connection with the

administration and distribution of the Settlement Fund to the Classes.

Dated: __4/25/__, 2001

Joseph L. Tauro
United States District Judge

2