UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION | ) ) ) ) ) Master Docket No.04-10708(RCL) ) ) ) ) ) |
| This Document Relates To: | |
| ALL ACTIONS | |

## ORDER AUTHORIZING DISTRIBUTION

WHEREAS, on December 14, 2005, this Court entered an Order approving the terms of the Stipulation and Agreement of Settlement dated September 21, 2005 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to the Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; (2) were given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim and Release forms ("Proofs of Claim") and the distribution of the Net Settlement Fund, including the Net

Settlement Cash and the proceeds from the Notes when the Notes come due in December 2007, to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (1) the Affidavit of Anya Verkhovskaya (the "Verkhovskaya Affidavit") of A.B. Data, Ltd. ("A.B. Data"), the claims administrator for the Settlement; (2) the Declaration of Kay E. Sickles of Schiffrin Barroway Topaz & Kessler, LLP, on behalf of Lead Counsel; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of A.B. Data accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Verkhovskaya Affidavit, calculated under the proposed Plan of Allocation, including claims submitted after November 30, 2005, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of A.B. Data rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Verkhovskaya Affidavit under the proposed Plan of Allocation be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Verkhovskaya Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's

Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such printout; and it is further

ORDERED, that this distribution shall be made in two separate payments, the first payment from the Net Settlement Cash upon entry of this Order, and the second payment from the proceeds from the Notes, following December 15, 2007, the date upon which the Notes become due; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that after one (1) year following the initial distribution of the Net Settlement Fund to Authorized Claimants and after appropriate efforts have been made by either Lead Counsel or A.B. Data for the Authorized Claimants to cash their checks, Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 in such re-distribution based on their Recognized Claims, if such a re-distribution is economically feasible. If after six (6) months after such re-distribution, if undertaken, any funds shall remain in the Net Settlement Fund, then Lead Counsel shall distribute such balance to Greater Boston Legal Services – 197 Friend Street, Boston, MA 02114 (phone no. (617) 371-1234); and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that A.B. Data is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after the second distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three (3) years after the second distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

ORDERED, that claims submitted after March 21, 2007 may be accepted only for excusable neglect on the part of the claimant, as determined by Lead Counsel.

Dated: _____, 2007        _____
                                                           THE HONORABLE REGINALD C. LINDSAY
                                                           UNITED STATES DISTRICT JUDGE