UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION | ) ) ) ) Master Docket No.04-10708(RCL) |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) ) |

**DECLARATION OF KAY E. SICKLES IN SUPPORT OF
MOTION TO AMEND THE JUNE 6, 2007 ORDER AUTHORIZING DISTRIBUTION
OF CLASS SETTLEMENT FUND**

1.  I, Kay E. Sickles, am a partner of the law firm of Schiffrin Barroway Topaz & Kessler, LLP, which has served as Lead Counsel in this litigation.

**PROCEDURAL HISTORY**

2.  Lead Plaintiffs (on behalf of the Class) and Defendants (defined below) (collectively, the "Parties") entered into a Stipulation and Agreement of Settlement dated September 21, 2005 (the "Stipulation"), wherein the Parties agreed, in substance, that in exchange for the payment of $1,875,000 (the "Settlement Fund"), plus interest, if any, there would be a full and complete Settlement of all class claims against Defendants, defined below. The Settlement was comprised of One Million One Hundred and Twenty-Five Thousand Dollars ($1,125,000) (the "Settlement Cash"), plus any interest earned thereon, and $750,000 face amount of two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection) (the "Settlement Notes"). The Settlement Fund, net of any taxes on the income thereof, and net of any funds or Settlement Notes

1

used to pay (i) the notice and administrative costs, and (ii) the attorneys' fees and expense award, is the Net Settlement Fund.

3. The Defendants were: Vaso Active Pharmaceuticals, Inc ("Vaso" or the "Company"), Kashner Davidson Securities Corp., John J. Masiz, Stephen G. Carter, Ph.D., Joseph Frattaroli, Bruce A. Shear, Gary Fromm, Ph.D., Brian J. Strasnick, William P. Adams, and Robert E. Anderson (the "Defendants").

4. By an Order dated Dec. 14, 2005, the Court approved the Settlement embodied in the Stipulation.

5. By Order executed June 6, 2007, the Court authorized Lead Counsel to distribute the Net Settlement Fund in two stages, first the Net Settlement Cash, and second, the proceeds of the Net Settlement Notes, because i) all of the proofs of claim had been processed; ii) the claims administrator was ready to distribute the Net Settlement Cash; and iii) the low cost associated with sending two checks to each claimant was determined to be minimal as only 296 claimants were participating in the distribution. Pursuant to the Court's Order, the claims administrator distributed $771,386.97 to 296 claimants. As of this date, $19,370.48, plus accruing interest, remains in the Settlement Fund.

6. Following distribution of the Net Settlement Cash, in August 2007, I received a telephone call from Richard Kraut, counsel for defendant Vaso. During this telephone call, Mr. Kraut informed me, in substance, that Vaso was in technical default of a significant senior debt of approximately $2.5 million, that the financial circumstances of Vaso were dire, and that Vaso likely would not be able to fulfill its commitment on the Settlement Notes when they were to come due on December 15,

2007. *See* Frattaroli Aff., attached hereto as Exhibit A, ¶3. Mr. Kraut indicated that Vaso was in the process of seeking private investors who might be interested in purchasing the Settlement Notes at a substantial discount, and asked me to consider a possible sale of the Settlement Notes. Thereafter, Mr. Kraut provided a variety of public information and documents to me concerning Vaso's financial circumstances. I also performed independent research as to Vaso's financial circumstances. All of the information I reviewed demonstrated that Vaso had, in essence, no ability to pay the face amount of the Settlement Notes at maturity. *See* Financial Statements for last 6 months, attached hereto as Exh. B.

7.      In addition, I contacted Michael Etkin, Esquire, an expert in bankruptcy and creditors' rights law. I explained to Mr. Ektin the original Settlement and the circumstances under which that Settlement had been devised, and provided Mr. Etkin with the documents concerning Vaso's financial circumstances that I had collected. After review of the relevant materials, Mr. Etkin advised me that Vaso was in fact in dire financial circumstances. *See* Declaration of Michael Etkin, attached hereto as Exhibit C, ¶8.

8.      Thereafter, Mr. Kraut and I engaged in multiple discussions over the course of many weeks concerning a compromise of the Settlement Notes, and Mr. Kraut communicated to me a possible price that the possible purchaser(s) might be willing to pay for the Settlement Notes. During this process, I consulted with Mr. Etkin as well. In mid-October 2007, Mr. Kraut communicated to me, on behalf of Vaso which was acting as a conduit for the purchaser(s), an offer of $0.16 on the dollar, or $120,000 for the face amount of $750,000. After weeks of deliberation, and multiple consultations with Mr. Etkin, I advised Mr. Kraut that with Court approval, Lead Plaintiffs would

accept the compromise payment on the face amount of the Settlement Notes.

9. Therefore, I negotiated a written Secondary Securities Purchase Agreement (the "Agreement") with Mr. Kraut. *See* Secondary Securities Repurchase Agreement, attached hereto as Exhibit D. The Agreement provides for the sale of the Settlement Notes to VNA Holdings Inc., a Delaware corporation.

10. I have spoken with each of the three Lead Plaintiffs and they each agree that a compromise on the face amount of the Settlement Notes is in the best interests of the Class.

11. Lead Plaintiffs respectfully submit that a compromise on the face amount of the Settlement Notes is in the best interests of the Class as the only alternative to the compromise is to force Vaso to default on the Settlement Notes and force a corporate bankruptcy. Lead Plaintiffs do not believe that scenario is in the best interests of the Class as the Class would likely receive nothing in a corporate bankruptcy. *See* Etkin Decl., ¶¶6, 8-9.

12. Therefore, Lead Plaintiffs request that the Court enter the proposed Order, amending the June 6, 2007 Order to permit the sale of the Settlement Notes to the private purchaser(s) for $120,000 ($0.16 on the dollar) and distribution of that amount, less attorneys' fees previously awarded, in lieu of the $750,000 face amount, less attorneys' fees awarded.

Dated: December 14, 2007                  /s/ Kay E. Sickles
                                          Kay E. Sickles

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on December 18, 2007.

                                          /s/ Susan Geresy
                                          Susan Geresy