UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
IN RE VASO ACTIVE PHARMACEUTICALS     )
SECURITIES LITIGATION                 )
                                      )
_____) Master Docket No. 04-10708 (RCL)
                                      )
This Document Relates To:             )
                                      )
     ALL ACTIONS                      )
                                      )
_____)

**AFFIDAVIT OF JOSEPH F. FRATTAROLI**

County of Essex      )
                     )ss.:
State of Massachusetts )

    1.    I am the Chief Financial Officer, President and Acting Chief Executive Officer of Vaso Active Pharmaceuticals, Inc. ("Vaso").

    2.    Pursuant to the Court-approved settlement of this consolidated case, Vaso issued and/or is obligated to issue an aggregate of $750,000 of two-year 5% convertible subordinated promissory notes for the benefit of the putative class ("Notes").[1] Of these Notes, $187,500 have been issued to plaintiffs' counsel in the class action case, and $562,500 are required to be issued to putative class members. Pursuant to an understanding with plaintiffs' counsel in the class action case, for convenience purposes Vaso has not physically issued the approximately 300 required class members' Notes, but rather agreed to pay the amounts represented by those to-be-issued Notes on the maturity date. All of these Notes are due and payable on December 15, 2007.

    3.    Vaso will be unable to pay the Notes when they come due. As explained below, Vaso's debt, a material amount of which is senior to the debt represented by the Notes, amounts to more than $6.5 million, while Vaso has only approximately $7,000 in cash on hand.

    4.    Although Vaso was optimistic when it agreed to the settlement, when the Court approved the settlement, and when the Court approved the distribution of the settlement, that it would be able to pay the Notes at maturity with capital raised through anticipated private offerings of its securities and with revenue expected from its business operations, it became evident, by the summer 2007, that Vaso likely would be unable to do so.

---

[1] Notes in the face amount of $110,000 have been issued to plaintiffs' counsel in the consolidated derivative actions, captioned *In re Vaso Active Pharmaceuticals, Inc., Derivative Litigation*, Master Docket No. 04-10792-RCL ("Derivative Actions").

70610_2

5. Despite efforts to raise capital, Vaso has been unable to do so to date. Despite efforts to generate revenue through the sale of its products, revenues have been negligible ($38,668 in fiscal 2007 through the third quarter ending September 30, 2007, resulting in a loss from operations of $1,346,605 through that quarter), largely, in part, as a result of a lack of capital to enable Vaso to mount significant marketing efforts.

6. Vaso determined in the summer of 2007 that it would not be in the interests of its shareholders to default on the payment of the Notes. Consequently, Vaso began efforts in or about July 2007 to see if one or more substantial, sophisticated investors might be interested in acquiring those Notes at a discount, assuming the related investment risk, and agreeing to waive the Notes' maturity date default provisions. Vaso found such possibly interested investor or investors in or about August 2007.

7. Having found a potential purchaser or purchasers of the Notes, Vaso instructed its counsel, later in August 2007, to contact counsel for the class action plaintiffs to explain Vaso's dire financial situation (including sending counsel Vaso's latest financial and current reports filed with the SEC), to advise them of Vaso's likely inability to pay the Notes at maturity, to advise them of Vaso's unpromising current and near term business prospects, to bring to counsel's attention the extremely poor market performance of Vaso's stock (currently trading at under $0.15 per share) relative to the conversion price under the Notes ($1.75 per share), and to determine whether the class members and plaintiffs' counsel would be interested in selling their Notes at a discount if the Court allowed.

8. On September 17, 2007, Vaso informed class action counsel that Vaso's stock had a 52-week high of $0.39 and low of $0.09 per share, and that on September 17 Vaso stock was trading in the $0.17-0.20 range.

9. After receiving an indication of interest in principle from plaintiffs' counsel in September 2007, in October 2007 Vaso obtained a tentative offer of $0.16 on the dollar from the interested private investor(s) and communicated it to plaintiffs' counsel on October 17, 2007. Thereafter, plaintiffs' counsel indicated a willingness to accept the proposal, subject to approval of the Court.

10. Some of the delay in bringing this matter to the Court's attention since October is attributable to Vaso's need to address its obligations with respect to the Notes issued in connection with the settlement of the Derivative Actions. Subsequent to Vaso's counsel's conversations with plaintiffs' counsel in the class action, Vaso contacted plaintiffs' counsel in the Derivative Actions and made a similar proposal to purchase plaintiffs' counsel's notes, together with the same explanations previously given to plaintiffs' class action counsel to support the proposal. Derivative plaintiffs' counsel also accepted the purchase offer. (Vaso does not believe Court approval is necessary for the purchase of derivative counsel's notes because investors' interests are not affected.)

11. Vaso had $7,372 in cash and cash equivalents as of September 30, 2007, the end of its third fiscal quarter; accounts receivable of $16,395; inventory valued at $9,386; total

current liabilities of $6,574,005 (of which $2,612,500 are represented by senior secured convertible notes, net of discount, to which the Notes are subordinate, and most of which have been in technical default since they came due on May 1, 2007); and a working capital deficit of $6,447,830.

12. Although Vaso is continuing its efforts to raise capital, it does not expect its cash position to improve materially, if at all, by the maturity date of Notes, nor does it expect its cash position to improve materially for the immediately foreseeable future. In any event, Vaso has a substantial amount of debt that must be paid before it can pay the Notes.

13. Although Vaso believes it has a valuable asset at the present time in the form of a malpractice claim against its counsel utilized in connection with its initial public offering of stock, that claim is in litigation and is not yet scheduled for trial. While Vaso is hopeful that it will realize a substantial recovery in that litigation, no assurance can be given that any recovery will be obtained or, if obtained, that it will be substantial enough to enable Vaso to pay the Notes even if an extension of the maturity dates of the Notes is obtained.

14. On November 15, 2007, Vaso's stock was quoted at $0.06 bid and $0.16 ask, with reported open, high, low and close prices of $0.11 per share.

Further affiant sayeth not.

_____
Joseph F. Frattaroli

Subscribed and sworn before me on 10 December, 2007.

_____
Notary Public

70610_2