UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION _____ This Document Relates To: ALL ACTIONS _____ | ) ) ) ) ) Master Docket No.04-10708(RCL) ) ) ) ) ) ) |

**DECLARATION OF MICHAEL S. ETKIN IN SUPPORT OF
THE MOTION TO REVISE DISTRIBUTION OF CLASS SETTLEMENT FUND**

1.  I, Michael S. Etkin, am a partner in the law firm of Lowenstein Sandler PC, which has been retained by Lead Counsel to independently evaluate the financial circumstances of Vaso Active Pharmaceuticals, Inc. ("Vaso") and to offer an opinion as to whether it is reasonable for Lead Counsel to accept a compromise with respect to a portion of the Settlement on behalf of the Class.

2.  My practice involves bankruptcy and creditors' rights law and matters arising out of same. Over the past seventeen (17) years, I have developed a particular expertise in connection with the rights of investors and class action claimants in a bankruptcy context and have written and lectured on the subject. My resume is attached hereto as Exhibit A.

3.  Lead Plaintiffs (on behalf of the Class) and Defendants (collectively, the "Parties") entered into a Stipulation and Agreement of Settlement dated September 21, 2005 (the "Stipulation"), whereby the Parties agreed, in substance, that in exchange for the payment of $1,875,000 (the "Settlement Fund"), plus interest, if any, there would be a full and complete Settlement of all class claims against Defendants. The Settlement was comprised of One Million One Hundred and

Twenty-Five Thousand Dollars ($1,125,000) (the "Settlement Cash"), plus any interest earned thereon, and $750,000 face amount of two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection) (the "Settlement Notes"). Pursuant to the terms of the Stipulation, the Settlement Notes were to come due on December 15, 2007.

4. It is my understanding that the Lead Plaintiffs filed a motion to distribute (the "Motion") the Net Settlement Fund on March 22, 2007, and that this Court granted the Motion on June 6, 2007.

5. Thereafter, counsel for Vaso contacted Lead Counsel to advise that Vaso likely would not be able to pay the Settlement Notes when they became due on December 15, 2007 for the reasons set forth in the Affidavit of Joseph F. Frattaroli submitted contemporaneously herewith.

6. Lead Counsel retained me to review Vaso's financial status and the Settlement and to make a recommendation regarding 1) whether it would be reasonable to compromise the payment due on the Settlement Notes as opposed to other alternatives, and 2) if so, whether the discounted amount offered on the Settlement Notes was reasonable under the circumstances. The only other alternatives available to the Class at this time are to 1) extend the maturity date of the Settlement Notes, 2) commence litigation against Vaso upon default which would likely push Vaso into bankruptcy, 3) do nothing.

7. For this retention, I reviewed the following information and documents:

    i) The second and third quarter 2007 10-QSBs for Vaso, for the periods ending 6/30/07 and 9/30/07;

    ii) 8Ks filed 5/24/07, 6/7/07 and 7/23/07;

    iii) The Affidavit of Joseph F. Fattaroli, the President and Acting CEO of Vaso;

    iv) The Stipulation.

8.  All the information I reviewed regarding Vaso makes clear that it will be unable to pay its obligation to the Class when it becomes due on December 15, 2007. In addition, and based upon the information provided, it is my opinion that very little chance exists that given Vaso's current capital structure, Vaso will have the cash required to pay the Settlement Notes within the foreseeable future unless the Company experiences a remarkable and unanticipated turnaround.

9.  In my opinion, based upon the information I have reviewed as well as my own professional experience, I believe that it is reasonable to compromise the payment due on the Settlement Notes at this time for the amount ultimately offered, rather than do nothing or commence litigation. This opinion is based upon the following facts set forth in the documents I have reviewed, which facts I am assuming to be true since I have not conducted and have not been asked to conduct any independent investigation of those facts:

   A.  Vaso has only approximately $7,000.00 in cash on hand as of the date of Mr. Frattaroli's Affidavit.

   B.  Vaso currently owes $2,612,500.00 in connection with the Senior Secured Convertible Notes (the "Senior Notes"). These notes were not paid when due on May 1, 2007 and it appears that at least some of the noteholders retained their right to call a default at any time while others have agreed to extend the maturity date to December 30, 2007. In either event, there is no current reasonable prospect of payment on December 30, 2007.

   C.  The Senior Notes are secured by all of the assets of Vaso while the Settlement Notes are not collateralized. The Settlement Notes are also contractually subordinate to the Senior Notes. Therefore, even if Lead Counsel, on behalf of the Class, were to press Vaso for repayment and commence litigation, the amount due under the Senior Notes, including accrued interest, would have

to be repaid before the Class could realize any recovery.

        D.       The value of the assets of Vaso at this juncture appears to be insufficient to satisfy the payment of the Senior Notes in full. Indeed, if the value of Vaso's assets upon sale or liquidation could satisfy its obligations under the Senior Notes, the holders of the Senior Notes would have likely forced such a transaction rather than risk further deterioration of Vaso's financial condition as has occurred from May, 2007 to the current date.

        E.       To allow additional time to pass at this juncture given the deterioration of Vaso's financial condition over the past six months will likely not result in any improvement of Vaso's ability to pay on the Settlement Notes.

        F.       In the event of a bankruptcy filing, which would not be unlikely in the event that Lead Counsel chose to sue on the Settlement Notes, a recovery would be even more remote. In addition to the circumstances set forth in Subparagraphs B and C above, the payment due on the Settlement Notes may also be subject to subordination under Section 510(b) of the Bankruptcy Code given that the Settlement Notes were issued in connection with a claim of fraud based upon the purchase of Vaso stock. If the claim under the Settlement Notes were subordinated in a bankruptcy proceeding pursuant to Section 510(b), the claim would be relegated to the level of existing equity holders who, given Vaso's current financial circumstances, would be wiped out in a bankruptcy proceeding.

10.      I have also taken into consideration the fact that the Class, unlike a single private investor, is more risk averse and would rather have the certainty of some recovery on the Settlement Notes as opposed to the prospect of no recovery at all.

Dated: November 29, 2007

                                                  Michael S. Etkin